UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOSEPH FIERRO,

                                        Plaintiff,          **NOTICE OF REMOVAL**

                                                            Case No. 07 Civ. _____

- against -

THE CITY OF NEW YORK, RONNA BLEADON,
former Principal, P12X, Special Education, in her
individual capacities, SHARON BURNETT, former
Local Instructional Superintendent within Special
Education District 75, New York City Department of
Education, in her individual and official capacities, DR.
SUSAN ERBER, former Superintendent, Special
Education District 75, Citywide Programs, New York
City Department of Education, in her individual and
official capacities, and BONNIE BROWN, former
Deputy Superintendent (and current Superintendent),
Special Education District 75, Citywide Programs, New
York City Department of Education, in her individual
and official capacities,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## TO:     THE UNITED STATES DISTRICT COURT,
           SOUTHERN DISTRICT OF NEW YORK

Defendants THE CITY OF NEW YORK by and through its attorneys, Michael A.
Cardozo, Corporation Counsel of the City of New York, respectfully show this Court as follows:

1.      On or about November 23, 2007, Defendant, THE CITY OF NEW
YORK, was served with the Summons and Verified Complaint in the above-entitled action,
pending in the Supreme Court of the State of New York, County of Bronx, Index No. 303042/07,
naming THE CITY OF NEW YORK, RONNA BLEADON, in her individual capacity,
SHARON BURNETT, in her individual and official capacities, DR. SUSAN ERBER, in her
individual and official capacities, and BONNIE BROWN, in her individual and official

capacities, as defendants therein, and setting forth the claims for relief upon which the action is based. A copy of the Summons and Verified Complaint, signed November 17, 2007 is annexed hereto as Exhibit "A."

2.    The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises under the laws of the United States, and a violation of plaintiff's federal civil rights by defendants. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3.    Plaintiff brings this lawsuit claiming, inter alia, that the Defendants have violated the Plaintiff's rights pursuant to the First Amendment of the United States Constitution by retaliating against him for exercising his freedom of speech. See Verified Complaint which is annexed hereto as Exhibit "A" at ¶¶ "44" and "51."

4.    Defendants are unaware of any previous application for the relief requested herein.

5.    Upon information and belief, SHARYN BURNETT, RONNA BLEADON, DR. SUSAN ERBER and BONNIE BROWN have not been served with the action herein and, as such, are not defendants.

**WHEREFORE**, Defendant, THE CITY OF NEW YORK, respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

Dated:     New York, New York
            December 12, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for New York City Defendant
100 Church Street, Room 2-117
New York, New York 10007
(212) 788-1202
kbarker@law.nyc.gov

By: _____
Kami Z. Barker
Assistant Corporation Counsel

TO:    **OFODILE & ASSOCIATES, P.C.**
Attorneys for Plaintiff
498 Atlantic Avenue
Brooklyn, NY 11217
By: Anthony C. Ofodile
(718) 852-8300

EXHIBIT "A"

2007 - 038307

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------x
**JOSEPH FIERRO,**

                     Plaintiff,

       -against-

**THE CITY OF NEW YORK, RONNA BLEADON,**
former Principal, P12X, Special Education District 75, New
York City Department of Education, in her individual
and official capacities, **SHARON BURNETT,** former
Local Instructional Superintendent within Special
Education District 75, New York City Department of
Education, in her individual and official capacities, **DR.
SUSAN ERBER,** former Superintendent, Special
Education District 75, Citywide Programs, New York
City Department of Education, in her individual and
official capacities, and **BONNIE BROWN,** former
Deputy Superintendent (and current Superintendent),
Special Education District 75, Citywide Programs, New
York City Department of Education, in her individual
and official capacities,

                   Defendants.
------------------------------------------------------------------x

Index #:

Plaintiff designates Bronx
County as the place of trial.

**SUMMONS**

The basis of venue is the
location where the events
that gave rise to this action
took place.

        **To the above named Defendants:**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action by filing
same at the Bronx County Supreme Court located at 851 Grand Concourse, Bronx, New York
10451 and to serve a copy of your Answer, or if the Complaint is not served with the Summons,
to serve a notice of appearance, on the Plaintiff within 20 (twenty) days after the service of this
summons, exclusive of the day of service (or within 30 (thirty) days after the service is complete
if this Summons is not personally delivered to you within the State of New York); and in the case
of your failure to answer or appear, judgment will be taken against you by default for the relief
demanded in the Complaint annexed herewith.

Dated: Brooklyn, New York
        November 20, 2007

1

Yours etc.

OFODILE & ASSOCIATES, P.C.
Attorneys for Plaintiff Joseph Fierro

By: _____
Anthony C. Ofodile, Esq.
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

Defendants' Addresses:

THE CITY OF NEW YORK
The Comptroller of the City of New York
One Centre Street, Room 530
New York, New York 10007

RONNA BLEADON
(current address unknown)

SHARON BURNETT
(current address unknown)

DR. SUSAN ERBER
(current address unknown)

BONNIE BROWN
Superintendent
Special Education District 75
Citywide Programs
New York City Department of Education
400 First Avenue
New York, New York 10010

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------x

**JOSEPH FIERRO,**                                                          Index #:

                      Plaintiff,

    -against-

                                                        **VERIFIED COMPLAINT**

**THE CITY OF NEW YORK, RONNA BLEADON,**
former Principal, P12X, Special Education District 75, New
York City Department of Education, in her individual
and official capacities, **SHARON BURNETT,** former
Local Instructional Superintendent within Special
Education District 75, New York City Department of
Education, in her individual and official capacities, **DR.
SUSAN ERBER,** former Superintendent, Special
Education District 75, Citywide Programs, New York
City Department of Education, in her individual and
official capacities, and **BONNIE BROWN,** former
Deputy Superintendent (and current Superintendent),
Special Education District 75, Citywide Programs, New
York City Department of Education, in her individual
and official capacities,

                     Defendants.

------------------------------------------------------------------x

      Plaintiff JOSEPH FIERRO, by his attorneys, Ofodile & Associates, P.C., complaining of

Defendants CITY OF NEW YORK, and RONNA BLEADON (Principal, P12X, Special

Education District 75, New York City Department of Education), SHARON BURNETT (former

Local Instructional Superintendent within Special Education District 75, New York City

Department of Education), DR. SUSAN ERBER (former Superintendent, Special Education

District 75, Citywide Programs, New York City Department of Education), and BONNIE

BROWN [former Deputy Superintendent (and current Superintendent), Special Education

District 75, Citywide Programs, New York City Department of Education] acting in their

individual and official capacities, upon information and belief, alleges as follows:

## NATURE OF ACTION

1.     This is an action at law pursuant to the New York State Executive Law, Article 15, Section 296 (Human Rights Law) and the New York City Administrative Code § 8, et seq. to redress discrimination in employment on the basis of sex and sexual harassment in the workplace.  This is also an action pursuant to the aforementioned laws to redress *quid pro quo* harassment or retaliation for resisting sexual advances.

2.     This is also an action at law to redress retaliation for Plaintiff expressing his First Amendment freedoms while acting in his capacity as a citizen.

3.     Plaintiff seeks injunctive and declaratory relief, compensatory and other equitable relief pursuant to the New York State Human Rights Law, the New York City Administrative Code, and the First Amendment to the United States Constitution.

## JURISDICTION AND VENUE

4.     Jurisdiction is specifically conferred on this Court by the aforementioned statutes.

5.     Venue is proper because the events complained of herein occurred in the Bronx, New York (County of Bronx).

## PARTIES

6.     During all times relevant and material to this case, Plaintiff Joseph Fierro resided in the State of New York within the jurisdiction of this Court.  At all times relevant and material to this case, Plaintiff Joseph Fierro was employed by Defendant City of New York as an Assistant Principal for P12X which encompassed approximately six school sites and was part of Special Education District 75 of the New York City Department of Education.  During all times

2

relevant and material to this case, Plaintiff Joseph Fierro, was supervised by, and reported to, Defendant Ronna Bleadon, who was the Principal of P12X.

7.    During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York, and an employer within the meaning of the New York State Human Rights Law and the New York City Administrative Code.

8.    During all times relevant and material to this case, Defendant Ronna Bleadon was employed by Defendant City of New York as the Principal for P12X, which encompassed approximately six school sites and was part of Special Education District 75 of the New York City Department of Education.  During all times relevant and material to this case, Defendant Ronna Bleadon was Plaintiff Joseph Fierro's supervisor.

9.    During all times relevant and material to this case, Defendant Sharon Burnett was employed by Defendant City of New York as a Local Instructional Superintendent within Special Education District 75, New York City Department of Education.

10.    During all times relevant and material to this case, Defendant Dr. Susan Erber was employed by Defendant City of New York as the Superintendent of Special Education District 75, Citywide Programs, New York City Department of Education.

11.    During all times relevant and material to this case, Defendant Bonnie Brown was employed by Defendant City of New York as the Deputy Superintendent of Special Education District 75, Citywide Programs, New York City Department of Education.

12.    During all times relevant and material to this case, Defendant City of New York was responsible for the actions of Defendants Ronna Bleadon, Sharon Burnett, Dr. Susan Erber,

3

and Bonnie Brown under the common law principal agent / *respondeat superior* rule.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

13.    Before the institution of this action, Plaintiff served a copy of the Complaint on the New York City Corporation Counsel's Office as well as on the New York City Commission on Human Rights on or about November 21, 2007 in accordance with the requirements of the Administrative Code of the City of New York § 8-502 (c).

14.    Furthermore, the New York State Division of Human Rights administratively dismissed the complaint filed before it and vitiated the election of remedies for administrative convenience giving Plaintiff the right to file this action in this Court.

## FACTUAL ALLEGATIONS

15.    Plaintiff began working as an Assistant Principal for P12X in 2002.  P12X is comprised of approximately six school sites in the South Bronx.  It is part of Special Education District 75 of the New York City Department of Education.  The administration of P12X of which Plaintiff was a part was based at Lewis and Clark High School (2555 Tratman Avenue, Bronx, NY 10461), which was one of the approximately six school sites that made up P12X. That was where Defendant Ronna Bleadon, Plaintiff, and the other Assistant Principals of P12X had their offices.  Plaintiff worked as an Assistant Principal for P12X, reporting to and under the supervision of Defendant Ronna Bleadon, until he was abruptly transferred in the Fall of 2005  to one of the top 25 most dangerous schools in New York State in retaliation for complaining about Defendant Bleadon's sexual harassment of him and her retaliation against him.

16.    Defendant Ronna Bleadon's sexual harassment of Plaintiff developed gradually. When Plaintiff began his employment at P12X and met Defendant Bleadon for the first time in

4

2002, he was dressed in a suit (as he was almost always dressed at work) and Defendant Bleadon commented that he was such a handsome guy in a suit. During one-on-one business meetings that Plaintiff had with his supervisor Defendant Bleadon in her office over the next couple of years, Defendant Bleadon repeatedly brought up, and spoke in detail, to Plaintiff about her personal life. She repeatedly told Plaintiff that her ex-husband had beaten her, degraded/demoralized her, and cheated on her, that she still talked to her ex-husband, that he was a principal at another school, and that she was afraid that he was spreading rumors about her. She also told Plaintiff many times that her current husband traveled often to Europe and other parts of the world and that he was jealous of Plaintiff because she was always telling her husband how wonderful Plaintiff was and what a good job he was doing. Plaintiff felt very uncomfortable with these statements and would respond that there was no reason for her husband to be jealous, as she was Plaintiff's principal and he was Plaintiff's assistant principal and they only worked together.

17.    During the first two years, Defendant Ronna Bleadon also made inappropriate comments about Plaintiff's physical appearance, and thereby caused Plaintiff to feel embarrassed, humiliated, and self-conscious. In the summer, Plaintiff wore shorts to work, after having asked permission to do so because the school was not air conditioned, and Defendant Bleadon often told Plaintiff, including in front of staff members and administrators from District 75, that he had great legs, that his legs were looking fantastic, and asking him if he had been working out.

18.    In or about the fall of 2004, Defendant Bleadon repeatedly suggested to Plaintiff to come over to her house while her husband was away for the weekend traveling for business and "keep her company." She made these statements/suggestions in person to Plaintiff while

5

they were at work, as well as phoned Plaintiff after she left work and made them. Plaintiff was very uncomfortable with her suggestions and in an attempt to dispel the awkwardness of the situation, he would respond by saying that he had a jealous girlfriend and that she would not like if he went over to Defendant's home.

19.     On one occasion, Defendant Bleadon also asked Plaintiff, "Is it true what they say about Italians?" Plaintiff responded, "What do you mean?" Defendant Bleadon said, "You know." Plaintiff facetiously asked, "What, that we're smart?" Defendant Bleadon said no and repeated "You know."

20.     Furthermore, starting in the fall of 2004, Defendant Bleadon would beckon Plaintiff to her office by saying "Come see mommy" or "Come to Mama Bleadon" in front of other Assistant Principals.

21.     In addition to resisting Defendant Bleadon's sexual advances, Plaintiff also exercised his First Amendment speech in or about the fall of 2004 by refusing to participate in or facilitate Defendant Bleadon's campaigns to ruin the careers of two very good teachers whom Bleadon did not like. Participating in Defendant Bleadon's efforts to black-ball these two teachers was not part of Plaintiff's job description or job duties and therefore, he was exercising his First Amendment freedoms as a citizen when he refused to participate. One of the two teachers whom Defendant Bleadon targeted was Ms. Grey. Ms. Grey had broken up a fight between two female students, and Defendant Ronna Bleadon told Plaintiff, who witnessed the female teacher breaking up the fight, to lie and say that Ms. Grey had held the head of one of the girls and told the other girl to punch her. Plaintiff told Defendant Bleadon not to turn to him for things like that and that he was not going to lie and destroy this teacher's career.

6

22.    The other teacher for whom Defendant Bleadon tried to enlist Plaintiff's help in targeting was shop teacher named Mr. Simon. Defendant Bleadon instructed Plaintiff to go into Mr. Simon's classroom and find things for which the administration could give Mr. Simon a "U" (Unsatisfactory) rating. Plaintiff observed Mr. Simon's classroom and did not find anything that warranted a "U" rating. He told Bleadon same.

23.    Defendant Bleadon retaliated against Plaintiff for resisting her sexual advances and/or exercising his First Amendment freedoms. Her retaliatory actions included but were not limited to: (1) using profane language towards Plaintiff in front of staff and students and making abusive and derogatory remarks to him; (2) taking away vacation days from him; (3) directing him to do manual labor and other tasks outside of his job description; (4) making derogatory remarks about Italian people in front of Plaintiff, knowing that Plaintiff is Italian, and commenting to Plaintiff that Plaintiff was associated with the Mafia; (5) taunting Plaintiff over his learning disabilities including but not limited to by referring to him as "brain dead" and asking him if going to the fourth floor to get someone was "too much for [him] to handle with his disability; (6) harshly criticizing and ostracizing Plaintiff whereas she used to shower him with praise and tell him that he was going to be principal one day; (7) questioning Plaintiff's sexuality and speaking to staff members about whether Plaintiff was gay, which Plaintiff is not (which was not only a retaliatory action but sexual harassment in and of itself); (8) threatening Plaintiff she would transfer him to West Side High School (which was a site of P12X that was in many ways less desirable than Lewis & Clark) and he wouldn't have all the comforts that he had at Lewis and Clark; (9) actually transferring him to West Side High School; and (10) falsifying latenesses on Plaintiff's attendance record and then charging him with these false latenesses in his 2005

7

annual evaluation.

24.    Defendant Bleadon followed through on her threat and transferred Plaintiff against his will to West Side High School in the middle of the Spring semester of 2005. After Plaintiff was transferred to West Side, he no longer had his own office, parking spot, computer, or phone, and the atmosphere was much less clean, modern, and maintained than Lewis and Clark. Furthermore, West Side was further from Plaintiff's home than Lewis and Clark. In addition, by transferring Plaintiff to West Side, Defendant Bleadon separated Plaintiff from the other Assistant Principals of P12X, who were still at Lewis and Clark.

25.    Defendant Bleadon repeatedly called Plaintiff at West Side to taunt him on the transfer. She would ask how he likes it there at West Side and state, "Not the same comforts that you had here." Plaintiff would say to her that he missed his office and he didn't understand why he no longer had his own office, and she would respond, "Well you think about it." In addition, because Bleadon was still Plaintiff's supervisor, he would have to return to Lewis and Clark for one-on-one meetings with her. As they started these meetings, she would tell him to close the door and ask, "So, do you miss me?" or "So, you ready to behave?"

26.    In or about August 2005, Plaintiff complained to the Defendant Sharon Burnett – who was then a Local Instructional Superintendent in District 75 supervising P12X among other schools – that Defendant Ronna Bleadon had sexually harassed him and was retaliating against him for rebuffing her advances. Upon Plaintiff's information and belief, Defendant Burnett spoke to Defendants Bonnie Brown and Dr. Susan Erber, who at the time were the Deputy Superintendent and Superintendent of District 75, respectively, about Plaintiff's complaints. In retaliation for Plaintiff's complaints about Defendant Bleadon, Defendant Burnett got back in

8

contact with Plaintiff and told him that it had been decided that he would be transferred to P753K, which was a District 75 high school in Brooklyn that had been named by New York State as one of the top 25 most dangerous schools in the State. Plaintiff told Burnett that he didn't want to go to P753K and that he wanted the issue with Bleadon resolved. Plaintiff explained to Burnett that P753K was one of the most dangerous schools in the State and that he had already placed his life at risk at another dangerous school earlier in his career where he had had to wrestle handguns to the ground and had been stabbed twice. Defendant Burnett told Plaintiff that he had to go to P753K. Thereby, Plaintiff was transferred against his will to P753K, in retaliation for complaining about Defendant Bleadon's sexual harassment of him and about her retaliation against him.

## FOR A FIRST CAUSE OF ACTION

27    Plaintiff repeats and realleges paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28.    In violation of the New York State Executive Law § 296, et seq, Defendants The City of New York and Ronna Bleadon discriminated against Plaintiff on the basis of his male sex in the terms, conditions, and privileges of his employment by sexually harassing him and subjecting him to a sexually hostile work environment.

## AND AS FOR A SECOND CAUSE OF ACTION

29.    Plaintiff repeats and realleges paragraphs 1 through 28 as if each paragraph is repeated verbatim herein.

30.    In violation of the New York City Administrative Code § 8, et seq, Defendants The City of New York and Ronna Bleadon discriminated against Plaintiff on the basis of his

9

male sex in the terms, conditions, and privileges of his employment by sexually harassing him and subjecting him to a sexually hostile work environment.

## AND AS FOR A THIRD CAUSE OF ACTION

31.    Plaintiff repeats and realleges paragraphs 1 through 30 as if each paragraph is repeated verbatim herein.

32.    In violation of the New York State Executive Law § 296, et seq, Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff for rebuffing Defendant Bleadon's sexual advances by subjecting him to a hostile work environment, including but not limited to using profane language towards Plaintiff in front of staff and students and making abusive and derogatory remarks to him; taking away vacation days from him; directing him to do manual labor and other tasks outside of his job description; making derogatory remarks about Italian people in front of Plaintiff, knowing that Plaintiff is Italian, and commenting to Plaintiff that Plaintiff was associated with the Mafia; taunting Plaintiff over his learning disabilities including but not limited to by referring to him as "brain dead" and asking him if going to the fourth floor to get someone was "too much for [him] to handle with his disability"; harshly criticizing and ostracizing Plaintiff whereas she used to shower him with praise and tell him that he was going to be principal one day; questioning Plaintiff's sexuality and speaking to staff members about whether Plaintiff was gay, which Plaintiff is not (which was not only a retaliatory action but sexual harassment in and of itself); threatening Plaintiff that she would transfer him to West Side (which was a site that was in many ways less desirable than Lewis & Clark) and telling him he wouldn't have all the comforts that he had at Lewis and Clark; actually transferring Plaintiff to West Side; and falsifying latenesses on Plaintiff's attendance record and

10

then charging him with these false latenesses in his 2005 annual evaluation.

## AND AS FOR A FOURTH CAUSE OF ACTION

33.     Plaintiff repeats and realleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34.     In violation of the New York City Administrative Code § 8, et seq., Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff for rebuffing Defendant Bleadon's sexual advances by subjecting him to a hostile work environment, including but not limited to using profane language towards Plaintiff in front of staff and students and making abusive and derogatory remarks to him; taking away vacation days from him; directing him to do manual labor and other tasks outside of his job description; making derogatory remarks about Italian people in front of Plaintiff, knowing that Plaintiff is Italian, and commenting to Plaintiff that Plaintiff was associated with the Mafia; taunting Plaintiff over his learning disabilities including but not limited to by referring to him as "brain dead" and asking him if going to the fourth floor to get someone was "too much for [him] to handle with his disability"; harshly criticizing and ostracizing Plaintiff whereas she used to shower him with praise and tell him that he was going to be principal one day; questioning Plaintiff's sexuality and speaking to staff members about whether Plaintiff was gay, which Plaintiff is not (which was not only a retaliatory action but sexual harassment in and of itself); threatening Plaintiff that she would transfer him to West Side (which was a site that was in many ways less desirable than Lewis & Clark) and telling him he wouldn't have all the comforts that he had at Lewis and Clark; actually transferring Plaintiff to West Side; and falsifying latenesses on Plaintiff's attendance record and then charging him with these false latenesses in his 2005 annual evaluation.

11

## AND AS FOR A FIFTH CAUSE OF ACTION

35.   Plaintiff repeats and realleges paragraphs 1 through 34 as if each paragraph is repeated verbatim herein.

36.   In violation of the New York State Executive Law § 296, et seq, Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff with the tangible action of transferring him to West Side, which was further from his home and much less clean, modern, and maintained than Lewis & Clark and where among other things he was not provided with his own parking spot, computer, or phone and he was separated from the other Assistant Principals.

## AND AS FOR A SIXTH CAUSE OF ACTION

37.   Plaintiff repeats and realleges paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

38.   In violation of the New York City Administrative Code § 8, et seq., Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff with the tangible action of transferring him to West Side, which was further from his home and much less clean, modern, and maintained than Lewis & Clark and where among other things he was not provided with his own parking spot, computer, or phone and he was separated from the other Assistant Principals.

## AND AS FOR A SEVENTH CAUSE OF ACTION

39.   Plaintiff repeats and realleges paragraphs 1 through 38 as if each paragraph is repeated verbatim herein.

40.   In violation of the New York State Executive Law § 296, et seq, Defendants The City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown retaliated against Plaintiff for complaining about Defendant Ronna Bleadon's sexual harassment of him and

12

retaliation against him by transferring him, against his will from P12X to P753K.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

41.    Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

42.    In violation of the New York City Administrative Code § 8, et seq., Defendants The City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown retaliated against Plaintiff for complaining about Defendant Ronna Bleadon's sexual harassment of him and retaliation against him by transferring him, against his will from P12X to P753K.

## AND AS FOR A NINTH CAUSE OF ACTION

43.    Plaintiff repeats and realleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

44.    In violation of the First Amendment to the United States Constitution, Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff for exercising his freedom of speech as a citizen with regard to Defendants' efforts to reprimand and falsely implicate two innocent teachers.  Defendants retaliated against Plaintiff by subjecting him to a hostile work environment, including but not limited to using profane language towards Plaintiff in front of staff and students and making abusive and derogatory remarks to him; taking away vacation days from him; directing him to do manual labor and other tasks outside of his job description; making derogatory remarks about Italian people in front of Plaintiff, knowing that Plaintiff is Italian, and commenting to Plaintiff that Plaintiff was associated with the Mafia; taunting Plaintiff over his learning disabilities including but not limited to by referring to him as "brain dead" and asking him if going to the fourth floor to get someone was "too much for [him] to

13

handle with his disability"; harshly criticizing and ostracizing Plaintiff whereas she used to shower him with praise and tell him that he was going to be principal one day; questioning Plaintiff's sexuality and speaking to staff members about whether Plaintiff was gay, which Plaintiff is not (which was not only a retaliatory action but sexual harassment in and of itself); threatening Plaintiff that she would transfer him to West Side (which was a site that was in many ways less desirable than Lewis & Clark) and telling him he wouldn't have all the comforts that he had at Lewis and Clark; actually transferring Plaintiff to West Side; and falsifying latenesses on Plaintiff's attendance record and then charging him with these false latenesses in his 2005 annual evaluation.

## AND AS FOR A TENTH CAUSE OF ACTION

45.    Plaintiff repeats and realleges paragraphs 1 through 44 as if each paragraph is repeated verbatim herein.

51.    In violation of the First Amendment to the United States Constitution, Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff for exercising his freedom of speech as a citizen with regard to Defendants' efforts to reprimand and falsely implicate two innocent teachers. Defendants The City of New York and Ronna Bleadon retaliated against Plaintiff with the tangible action of transferring him to West Side, which was further from his home and much less clean, modern, and maintained than Lewis & Clark and where among other things he was not provided with his own parking spot, computer, or phone and he was separated from the other Assistant Principals

**WHEREFORE,** Plaintiff prays for judgment as follows:

**Under the New York State Executive Law, Article 15, Section 296(5) (Human Rights**

Law) for each of the First, Third, and Fifth Causes of Action:

i.    declaring the acts and conduct complained of herein in violation of the New York State Executive Law, Article 15, Section 296 (Human Rights Law);

ii.    enjoining and permanently restraining these violations and directing Defendants City of New York and Ronna Bleadon to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

iii.    enjoining Defendants City of New York and Ronna Bleadon from committing or allowing any further harassment of Plaintiff or retaliation against Plaintiff;

iv.    ordering Defendants City of New York and Ronna Bleadon, jointly and severally, to pay Plaintiff general and compensatory damages in an amount to be determined at trial for pain and suffering, humiliation, emotional distress, and mental anguish suffered by Plaintiff;

v.    ordering Defendant City of New York to reinstate Plaintiff to his position as Assistant Principal of P12K;

vi    ordering Defendant City of New York to assign Plaintiff "whistleblower" protective status;

vii.    awarding Plaintiff the reasonable costs and disbursements of this action against Defendants City of New York and Ronna Bleadon, jointly and severally; and

viii.   granting any other and further relief to the Plaintiff as the Court deems necessary, just, and proper.

**Under the New York City Administrative Code § 8-107 (5), et seq. for each of the Second, Fourth, and Sixth Causes of Action:**

i.   declaring the acts and conduct complained of herein in violation of the New York City Administrative Code § 8, et seq.;

ii.   enjoining and permanently restraining these violations and directing Defendants City of New York and Ronna Bleadon to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

iii.   enjoining Defendants City of New York and Ronna Bleadon from committing or allowing any further harassment of Plaintiff or retaliation against Plaintiff;

iv.   ordering Defendants City of New York and Ronna Bleadon, jointly and severally, to pay Plaintiff general and compensatory damages in an amount to be determined at trial for pain and suffering, humiliation, emotional distress, and mental anguish suffered by Plaintiff;

v.   ordering Defendant City of New York to reinstate Plaintiff to his position as Assistant Principal of P12K;

vi   ordering Defendant City of New York to assign Plaintiff "whistleblower" protective status;

16

vii.   ordering Defendant Ronna Bleadon to pay Plaintiff punitive damages in an amount to be determined at trial;

viii.  awarding Plaintiff attorneys' fees and the reasonable costs and disbursements of this action – against Defendants City of New York and Ronna Bleadon, jointly and severally; and

ix.    granting any other and further relief to the Plaintiff as the Court deems necessary, just, and proper.

**Under the New York State Executive Law, Article 15, Section 296(5) (Human Rights Law) for the Seventh Cause of Action:**

i.     declaring the acts and conduct complained of herein in violation of the New York State Executive Law, Article 15, Section 296 (Human Rights Law);

ii.    enjoining and permanently restraining these violations and directing Defendants City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

iii.   enjoining Defendants City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown from committing or allowing any further harassment of Plaintiff or retaliation against Plaintiff;

iv.    ordering Defendants City of New York, Sharon Burnett, and Dr. Susan Erber, jointly and severally, to pay Plaintiff general and compensatory damages in an amount to be determined at trial for pain and suffering,

17

humiliation, emotional distress, and mental anguish suffered by Plaintiff;

v.    ordering Defendant City of New York to reinstate Plaintiff to his position as Assistant Principal of P12K;

vi    ordering Defendant City of New York to assign Plaintiff "whistleblower" protective status;

vii.    awarding Plaintiff the reasonable costs and disbursements of this action against Defendants City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown, jointly and severally; and

viii.    granting any other and further relief to the Plaintiff as the Court deems necessary, just, and proper.

**Under the New York City Administrative Code § 8-107 (5), et seq. for the Eighth Cause of Action:**

i.    declaring the acts and conduct complained of herein in violation of the New York City Administrative Code § 8, et seq.;

ii.    enjoining and permanently restraining these violations and directing Defendants City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

iii.    enjoining Defendants City of New York, Sharon Burnett, Dr. Susan Erber, and Bonnie Brown from committing or allowing any harassment of Plaintiff or retaliation against Plaintiff;

iv.    ordering Defendants City of New York, Sharon Burnett, Dr. Susan Erber,

18

and Bonnie Brown, jointly and severally, to pay Plaintiff general and
compensatory damages in an amount to be determined at trial for pain and
suffering, humiliation, emotional distress, and mental anguish suffered by
Plaintiff;

v.    ordering Defendant City of New York to reinstate Plaintiff to his position
as Assistant Principal of P12K;

vi    ordering Defendant City of New York to assign Plaintiff "whistleblower"
protective status;

vii.   ordering Defendants Sharon Burnett, Dr. Susan Erber, and Bonnie Brown
to pay Plaintiff punitive damages in an amount to be determined at trial;

vi.    awarding Plaintiff attorneys' fees and the reasonable costs and
disbursements of this action – against Defendants City of New York,
Sharon Burnett, Dr. Susan Erber, and Bonnie Brown, jointly and severally;
and

vii.   granting any other and further relief to the Plaintiff as the Court deems
necessary, just, and proper.

## Under the First Amendment for each of the Ninth and Tenth Causes of Action:

i.    declaring the acts and conduct complained of herein in violation of
Plaintiff's rights under the First Amendment to the United States
Constitution;

ii.   enjoining and permanently restraining these violations and directing
Defendants City of New York and Ronna Bleadon to take such affirmative

19

action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

iii.    enjoining Defendants City of New York and Ronna Bleadon from committing or allowing any further harassment of Plaintiff or retaliation against Plaintiff;

iv.    ordering Defendants City of New York and Ronna Bleadon, jointly and severally, to pay Plaintiff general and compensatory damages in an amount to be determined at trial for pain and suffering, humiliation, emotional distress, and mental anguish suffered by Plaintiff;

v.    ordering Defendant Ronna Bleadon to pay Plaintiff punitive damages in an amount to be determined at trial;

vi.    ordering Defendant City of New York to reinstate Plaintiff to his position as Assistant Principal of P12K;

vii.    ordering Defendant City of New York to assign Plaintiff "whistleblower" protective status;

viii.    awarding Plaintiff attorneys' fees and the reasonable costs and disbursements of this action – against Defendants City of New York and Ronna Bleadon, jointly and severally; and

ix.    granting any other and further relief to the Plaintiff as the Court deems necessary, just, and proper.

Dated:  Brooklyn, New York
        November 12, 2007

                              OFODILE & ASSOCIATES, P.C.
                              Attorneys for Plaintiff Joseph Fierro

                              By
                                  Anthony C. Ofodile, Esq.
                                  498 Atlantic Avenue
                                  Brooklyn, New York 11217
                                  Tel. No.:  (718) 852-8300

# VERIFICATION

STATE OF NEW YORK    )
COUNTY OF _____    )  ss:

   Joseph Fierro, being duly sworn deposes and says:

   I am the Plaintiff in this case. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
JOSEPH FIERRO

Sworn to before me this 17 Day of _____ 2007,

_____
NOTARY PUBLIC

**WAYNE IRA LIPPMAN**
Notary Public, State of New York
No. 24-4994371
Qualified in Kings County
Commission Expires April 6, 20____

Index No.                                    Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JOSEPH FIERRO,

                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, RONNA BLEADON,
SHARON BURNETT, DR. SUSAN ERBER, and
BONNIE BROWN,

                                    Defendants.

VERIFIED COMPLAINT

Ofodile & Associates, P.C.

Attorney for   Plaintiff Joseph Fierro

Office and Post Office Address, Telephone

Ofodile & Associates, P.C.
498 Atlantic Avenue
Brooklyn, New York 11217
Tel. No.: (718) 852-8300

_____
Signature
Print name beneath
Anthony C. Ofodile, Esq.

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

_____
Attorney(s) for

---

NOTICE OF ENTRY

Please take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

                    Yours, etc.

Attorney for

Office and Post Office Address

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on

Dated,

                    M.

                    Yours, etc.

Attorney(s) for

Office and Post Office Address

Attorney(s) for