UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSEPH FIERRO,

|  | |
|---|---|
| Plaintiff, | **ANSWER OF** <br> **DEFENDANT CITY** |
| - against - | 07 Civ 11214 (SAS) (JCF) |
| THE CITY NEW YORK, et al., | |
| Defendants. | |

------------------------------------------------------------------------ x

Defendant, **CITY OF NEW YORK** ("City")[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges as follows:

        1.      Denies the allegations set forth in paragraph "1," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        2.      Denies the allegations set forth in paragraph "2," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        3.      Denies the allegations set forth in paragraph "3," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        4.      Denies the allegations set forth in paragraph "4," of the Complaint, and affirmatively states that the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that the complaint contends that plaintiff has a claim which arises under the laws of the United States and is a violation of plaintiff's federal civil rights.

---

[1] Three individuals have been named as defendants in this case but, upon information and belief, have not been served. As a consequence, the office of the Corporation Counsel does not now represent these individuals.

5.      Denies the allegations set forth in paragraph "5," of the Complaint except affirmatively states that venue is proper in the United States District Court, Southern District of New York.

6.      Denies the allegations set forth in paragraph "6," of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's residency and admits that plaintiff worked as an Assistant Principal at P 12 from August of 2002 to September of 2005 and that Ronna Bleadon was the principal of P 12 from August of 2002 to September of 2005.

7.      Denies the allegations set forth in paragraph "7," of the Complaint, except admit that the City of New York ("City") is duly organized and existing under the Constitution and laws of the State of New York.

8.      Denies the allegations set forth in paragraph "8," of the Complaint, except admits that plaintiff worked as an Assistant Principal at P 12 from August of 2002 to September of 2005, that Ronna Bleadon was the principal of P 12 from August of 2002 to September of 2005 and that P 12 provides instruction at six school sites and that P12 is within District 75 of the New York City Department of Education ("DOE").[2]

9.      Denies the allegations set forth in paragraph "9," of the Complaint, except admits that Sharon Burnett was a Local Instructional Superintendent within District 75 of the DOE.

10.     Denies the allegations set forth in paragraph "10," of the Complaint, except admits that Susan Erber was a Superintendent of District 75 of DOE.

---

[2] Formally, the Board of Education of the City School District of the City of New York.

11.    Denies the allegations set forth in paragraph "11," of the Complaint, except admits that Bonnie Brown was the Deputy Superintendent of District 75 of DOE.

12.    Denies the allegations set forth in paragraph "12," of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13," of the Complaint.

14.    Paragraph "14," of the Complaint consists solely of legal conclusions to which no response is necessary.  In the event that the Court finds that this paragraph asserts allegations of fact, Defendant City denies the allegations of this paragraph and respectfully refers the Court to the New York State Division of Human Rights determination, dated July 31, 2007 for a complete and accurate statement of its contents.

15.    Denies the allegations set forth in paragraph "15," of the Complaint, except admits that plaintiff served in the title of Assistant Principal ("AP") at P 12 in 2002, that P 12 provides instruction at six school sites located in the Bronx, New York, that P 12 is within District 75 of DOE, that P 12, is also known as "Lewis and Clark High School," that one of the sites of P12 is located at 2555 Tratman Avenue, Bronx, New York 10461, that Ronna Bleadon was the Principal of P 12 in 2002, that plaintiff was transferred from P 12 in 2005.

16.    Denies the allegations set forth in paragraph "16," of the Complaint.

17.    Denies the allegations set forth in paragraph "17," of the Complaint.

18.    Denies the allegations set forth in paragraph "18," of the Complaint.

19.    Denies the allegations set forth in paragraph "19," of the Complaint.

20.    Denies the allegations set forth in paragraph "20," of the Complaint.

21.    Denies the allegations set forth in paragraph "21," of the Complaint.

22.    Denies the allegations set forth in paragraph "22," of the Complaint.

23.     Denies the allegations set forth in paragraph "23," of the Complaint, except admits that West Side High School is one of the six sites at which P 12 provides instruction.

24.     Denies the allegations set forth in paragraph "24," of the Complaint, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the distance between plaintiff's home and various school sites, and admits that plaintiff was transferred in 2005.

25.     Denies the allegations set forth in paragraph "25," of the Complaint.

26.     Denies the allegations set forth in paragraph "26," of the Complaint, except admits that Sharon Burnett was the Local Instructional Superintendent of District 75 in 2005, that P12 is in District 75 of the DOE, that P 753K is also in District 75, and that P 753K is located in Brooklyn, New York.

27.     In response to paragraph "27," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "26," of the Complaint as if fully set forth here.

28.     Denies the allegations set forth in paragraph "28," of the Complaint.

29.     In response to paragraph "29," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "28," of the Complaint as if fully set forth here.

30.     Denies the allegations set forth in paragraph "30," of the Complaint.

31.     In response to paragraph "31," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "30," of the Complaint as if fully set forth here.

- 4 -

32.     Denies the allegations set forth in paragraph "32," of the Complaint.

33.     In response to paragraph "33," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "32," of the Complaint as if fully set forth here.

34.     Denies the allegations set forth in paragraph "34," of the Complaint.

35.     In response to paragraph "35," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "34," of the Complaint as if fully set forth here.

36.     Denies the allegations set forth in paragraph "36," of the Complaint.

37.     In response to paragraph "37," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "36," of the Complaint as if fully set forth here.

38.     Denies the allegations set forth in paragraph "38," of the Complaint.

39.     In response to paragraph "39," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "38," of the Complaint as if fully set forth here.

40.     Denies the allegations set forth in paragraph "40," of the Complaint.

41.     In response to paragraph "41," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "40," of the Complaint as if fully set forth here.

42.     Denies the allegations set forth in paragraph "42," of the Complaint.

43.     In response to paragraph "43," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "42," of the Complaint as if fully set forth here.

44.     Denies the allegations set forth in paragraph "44," of the Complaint.

45.     In response to paragraph "45," of the Amended Complaint, Defendant City repeats and re-alleges its responses to paragraphs "1," through "44," of the Complaint as if fully set forth here.

46.     Paragraph "46," of the Complaint is missing from the Complaint and therefore no response is necessary.  In the event that the Court finds that this paragraph asserts allegations of fact, Defendant City denies the allegations of this paragraph.

47.     Paragraph "47," of the Complaint is missing from the Complaint and therefore no response is necessary.  In the event that the Court finds that this paragraph asserts allegations of fact, Defendant City denies the allegations of this paragraph.

48.     Paragraph "48," of the Complaint is missing from the Complaint and therefore no response is necessary.  In the event that the Court finds that this paragraph asserts allegations of fact, Defendant City denies the allegations of this paragraph.

49.     Paragraph "49," of the Complaint is missing from the Complaint and therefore no response is necessary.  In the event that the Court finds that this paragraph asserts allegations of fact, Defendant City denies the allegations of this paragraph.

50.     Paragraph "50," of the Complaint is missing from the Complaint and therefore no response is necessary.  In the event that the Court finds that this paragraph asserts allegations of fact, Defendant City denies the allegations of this paragraph.

51.     Denies the allegations set forth in paragraph "51," of the Complaint.

## FOR A FIRST DEFENSE:

52.    The Complaint fails to state a claim against upon which relief can be granted.

## FOR A SECOND DEFENSE:

53.    This Court lacks jurisdiction, in whole or in part, over the Complaint.

## FOR A THIRD DEFENSE:

54.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## FOR A FOURTH DEFENSE:

55.    The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

## FOR AN FIFTH DEFENSE:

56.    The Complaint is barred in whole or in part, by the doctrines of issue preclusion, claim preclusion, judicial estoppel or any combination of the doctrines.

## FOR A SIXTH DEFENSE

57.    The Complaint is barred, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, or judicial immunity or any combination of these doctrines.

## FOR A SEVENTH DEFENSE

58.    Any actions taken by defendant or defendants, or any combination of them, or all of them, were motivated by a reasonable belief, anticipation or expectation that plaintiff's acts or omissions could or would result in interference with, or disruption of, the operations of the City.

- 7 -

## FOR AN EIGHTH DEFENSE

59.     Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

## FOR A NINTH DEFENSE:

60.     Any damages alleged in the Complaint were caused by plaintiff or plaintiff's own negligent or culpable conduct.

## FOR A TENTH DEFENSE:

61.     Defendants City is not subject to punitive damages.

**WHEREFORE,** defendant requests judgment dismissing the Complaint and denying all relief requested therein, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            January 28, 2008

                                    Respectfully Submitted,

                                    **MICHAEL A. CARDOZO**
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for the Defendant City
                                    100 Church Street, Room 2-187
                                    New York, New York  10007-2601
                                    (212) 788-1202
                                    kbarker@law.nyc.gov


By:     _____
                        Karin Z. Barker
                        Assistant Corporation Counsel

- 8 -

To:     **OFODILE & ASSOCIATES**
        Attorneys for Plaintiff
        498 Atlantic Avenue
        Brooklyn, NY 11217
        Att: Anthony C. Ofodile

07 Civ 11214 (SAS) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH FIERRO,

Plaintiff,

- against -

THE CITY OF NEW YORK, et al.

Defendants.

**DEFENDANT CITY'S ANSWER**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant City
100 Church Street, Room 2-107
New York, N.Y. 10007-2601

Of Counsel:  Kami Z. Barker
Tel:      (212) 788-1202

File No.  2007-038307

*Due and timely service is hereby admitted.*

New York, N.Y. ......................., 2008

................................................

Attorney for......................................