07 Civ. 11214 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH FIERRO,

                                        Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

# MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel:   Kami Z. Barker
Tel:            (212) 788-1202

City No.: 2007-038307

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 2

STATEMENT OF FACTS ........................................................................................................ 4

ARGUMENT .............................................................................................................................. 6

    POINT I ............................................................................................................................ 6
        PLAINTIFF'S ALLEGED SPEECH IS NOT
        PROTECTED BY THE FIRST AMENDMENT. ............................................. 6

    POINT II ........................................................................................................................... 8
        INDIVIDUAL Defendants AND THE CITY OF
        NEW York MUST BE DISMISSED. ................................................................ 8

        A.   The Individual Defendants Are Shielded by
             Qualified Immunity. .................................................................................. 8

        B.   The City Of New York Is Not A Proper Party ......................................... 9

    POINT III ........................................................................................................................ 10
        PLAINTIFF'S CITY HUMAN RIGHTS CLAIMS
        MUST BE DISMISSED FOR FAILURE TO
        COMPLY WITH THE NOTICE OF CLAIM
        REQUIREMENTS AND AS TIME-BARRED
        UNDER EDUCATION LAW § 3813. ............................................................. 10

        A.   Failure To File A Timely Notice of Claim ............................................. 10

        B.   Time-Bar. ................................................................................................ 12

CONCLUSION ........................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**            **Pages**

Amorosi v. S. Colonie Ind. Cent. Sch. Dist.,
  34 A.D.3d 1073 (3d Dep't. 2006) ........................................................................ 10, 11

Anderson v. Creighton,
  483 U.S. 635 (1987) ........................................................................................... 7

Cartier v. Lussier,
  955 F.2d 841 (2d Cir. 1992) ............................................................................... 7

Chinatown Apartments, Inc. v. New York City Transit Authority,
  100 A.D.2d 824 (1st Dep't 1984) ....................................................................... 9

Connell v. Signoracci,
  153 F.3d 74 (2d Cir. 1998) ................................................................................. 7

Connick v. Mayers,
  461 U.S. 138 (1983) ........................................................................................ 5, 6

Ezekwo v. HHC,
  940 F.2d 775 (2d Cir.),
  cert. denied, 502 U.S. 1013 (1991) .................................................................. 5, 6

Garcetti v. Ceballos,
  547 U.S. 410, 126 S. Ct. 1951 (2007) ................................................................. 5

Gonzalez v. Esparza,
  2003 U.S. Dist. LEXIS 13711 (S.D.N.Y. 2003) ................................................. 8

Harlow v. Fitzgerald,
  457 U.S. 800 (1982) ........................................................................................... 7

Leith Constr. Co. v. Board of Education,
  75 A.D.2d 615 (2d Dep't 1980) .......................................................................... 9

Malley v. Briggs,
  475 U.S. 335 (1986) ........................................................................................... 7

Moore v Melesky,
  14 A.D.3d 757, 788 N.Y.S.2d 679 (3d Dept. 2005) .......................................... 10

Owners Realty Management & Constr. Corp. v. Board of Educ.,
  192 A.D.2d 471 (1st Dep't 1993) ...................................................................... 11

**Cases**                                                                                                   **Pages**

Parochial Bus Systems v. Board of Education,
   60 N.Y.2d 539 (1983) ..................................................................................................9

Perez v. City of New York,
   41 A.D.3d 378, 837 N.Y.S.2d 571 (1st Dept. 2007)..................................................8

Pierson v. City of New York,
   56 N.Y.2d 950, 439 N.E.2d 331, 453 N.Y.S.2d 615 (1982)...............................10, 11

Ratner v Planning Commission of the Village of Pleasantville,
   156 A.D.2d 521, 548 N.Y.S.2d 943 (2d Dept. 1989) ...............................................10

Robison v. Via,
   821 F.2d 913 (2d Cir. 1987)........................................................................................7

Saulpaugh v. Monroe Community Hospital,
   4 F.3d 134 (2d Cir. 1993),
   cert. denied, 510 U.S. 1164 (1994) ............................................................................5

Siegert v. Gilley,
   500 U.S. 226 (1991).....................................................................................................8

Sirota v. N.Y. City Bd. of Educ.,
   283 A.D.2d 369 (1st Dep't 2001) ..............................................................................11

White v Averill Park Central School District,
   195 Misc. 2d 409, 759 N.Y.S.2d 641 (Sup. Ct. Rensselaer Co. 2003)....................10

**Statutes**

42 U.S.C. § 1983..................................................................................................................1, 4, 7

CPLR 214 (2)............................................................................................................................11

Education Law § 3813 (1).....................................................................................................9, 10

Education Law § 3813(2-b) ................................................................................................11, 12

Executive Law §§ 296, et seq ..................................................................................................1

New York City Admin. Code §§ 8-101 ................................................................................11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

JOSEPH FIERRO,

                                              Plaintiff,

          - against -                        07 Civ. 11214 (SAS)

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION, RONNA BLEADON, former Principal, P12X, Special Education, in her individual capacities, SHARON BURNETT, former Local Instructional Superintendent within Special Education District 75, New York City Department of Education, in her individual and official capacities, DR. SUSAN ERBER, former Superintendent, Special Education District 75, Citywide Programs, New York City Department of Education, in her individual and official capacities, and BONNIE BROWN, former Deputy Superintendent (and current Superintendent), Special Education District 75, Citywide Programs, New York City Department of Education, in her individual and official capacities,

                                              Defendants.

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Plaintiff, a former Assistant Principal ("AP") for the Department of Education ("DOE") brings this action alleging discrimination and retaliation in violation of the City Human Rights Law, § 1983, and the First Amendment.[1] Plaintiff alleges that from the fall of 2002 to the fall of 2005, in violation of the CHRL, defendant Bleadon harassed him, and that defendants retaliated against him for complaining of Bleadon's harassment by transferring him from P.S.

---

[1] DOE is formally the Board of Education of the City School District of the City of New York. All references to "§ 1983" are to 42 U.S.C. § 1983, to "Education Law" are to the New York Education Law, to the State Human Rights Law to the New York Executive Law §§ 296, et seq., and to the "City Human Rights Law" or "CHRL" to the New York City Administrative Code §§ 8-101, et seq..

12X, a special education school in District 75 to another DOE special education school in District 75. Plaintiff also alleges that Bleadon retaliated against him in the spring of 2005 for refusing to participate in the discipline of two teachers at P.S. 12X, which the complaint alleges was First Amendment speech.

Defendants move to dismiss the complaint. First, plaintiff First Amendment claims must be dismissed because plaintiff did not engage in protected speech. Second, the City of New York ("City") and the DOE are separate entities and the former is not a proper party. Third, plaintiff's CHRL claims are barred by plaintiff's failure to file a timely notice of claim against the DOE or any of the named defendants. Finally, plaintiff's CHRL claims are barred by the applicable one-year statute of limitations. Accordingly, the complaint must be dismissed in its entirety.

## STATEMENT OF FACTS[2]

From 2002 to the fall of 2005, plaintiff was employed as an Assistant Principal ("AP") for the DOE at P.S. 12X in the Bronx. See Second Amended Complaint at ¶ "16." P.S. 12X teaches special education children and is administratively placed in a Citywide District within the DOE, District 75 school. See id. Plaintiff's supervisor and Principal of P12X was defendant, Ronna Bleadon. See id. Bleadon's direct supervisor was defendant Sharyn Burnett, the Local Instructional Superintendent of DOE's District 75. See id. at ¶ "10." Burnett's direct supervisor was defendant Bonnie Brown, the Deputy Superintendent of District 75. See id. at ¶ "12." Finally, Brown's direct supervisor was the Superintendent of District 75, defendant Dr. Susan Erber. See id. at ¶ "11."

Plaintiff alleges that from the fall of 2002 to the fall of 2005, in violation of the CHRL, defendant Bleadon harassed him on the basis of his gender, and that defendants retaliated against him for complaining of Bleadon's harassment by transferring him to another District 75 school. See Second Amended Complaint at ¶¶ "16", "17" and "27." Plaintiff also alleges that Bleadon retaliated against him in the spring of 2005 for protesting the disciplining of two P.S. 12X teachers in the fall of 2004. See id. at ¶¶ "22" and "25."

Plaintiff has never filed a notice of claim against any of the defendants for the allegations at issue. Nonetheless, plaintiff filed this action in the New York Supreme Court, Bronx County, on or about November 23, 2007. On December 12, 2007, defendant, the City of New York, removed the action to the Southern District of New York, on the basis of subject matter jurisdiction over the First Amendment claims. Soon thereafter on January 28, 2008, defendant, the City of New York, the only then served defendant, answered. Plaintiff has since

---

[2] A motion to dismiss tests only the legal sufficiency of the complaint and, thus, for purposes of this motion only, the allegations of the complaint are deemed true. Defendants neither admit

- 5 -

twice amended his complaint to, *inter alia,* add the New York City Department of Education as a defendant, plead 42 U.S.C. § 1983, and to withdraw State Human Rights Law violations.

nor deny those allegations.

## ARGUMENT

## POINT I

### PLAINTIFF'S ALLEGED SPEECH IS NOT PROTECTED BY THE FIRST AMENDMENT.

The First Amendment protects government employees who speak as citizens on matters of public concern. Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 1958 (2007). However, the Supreme Court has held that where the employee is pursuing his own private interests or where the alleged speech concerns the internal operations of the public employer, the First Amendment does not serve to constitutionalize the employee grievance process.

> Underlying our cases has been the premise that while the *First Amendment* invests public employees with certain rights, it does not empower them to "constitutionalize the employee grievance."

Garcetti, 126 S.C.t at 1959 (quoting Connick v. Meyers, 461 U.S. 138, 154 (1983))(emphasis in original); Ezekwo v. HHC, 940 F.2d 775, 781 (2d Cir.), cert. denied, 502 U.S. 1013 (1991).

In the case at bar, plaintiff alleges that acting as an AP, he protested the disciplining of two P.S. 12X teachers by his employer the DOE. This is nothing more than a complaint about the working conditions at P.S. 12X and does not constitute protected First Amendment speech. While, as in Ezekwo, the general public might take a passing interest in the issues which plaintiff complained about, that does not convert the run of the mill employee grievance into a First Amendment constitutional violation.[3] Indeed, in Ezekwo, as here the plaintiff, a doctor, complained of discrimination and also claimed that the residency program operated by HHC, the defendant, was seriously flawed and a danger to the public health. 940

---

[3] To the extent that plaintiff seeks to interpose a First Amendment claim based on his complaints of discrimination, that, too, is not protected speech. See Saulpaugh v. Monroe Community Hospital, 4 F.3d 134 (2d Cir. 1993), cert. denied, 510 U.S. 1164 (1994).

-6-

F.2d at 777-79. The plaintiff's concerns in Ezekwo were far more likely to have been of interest to the general public than the disciplining of two teachers at issue here. The point of the speech was private, the protection of plaintiff's own working conditions, and not the protection of the public.

> "While as a matter of good judgment, public officials should be receptive to constructive criticism offered by their employees, the *First Amendment* does not require a public office to be run as a round table for employee complaints over internal office affairs."

Id. at 781 (quoting, Connick, 461 U.S. at 149). Thus, the complaint fails to state a First Amendment claim.

## POINT II

## INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK MUST BE DISMISSED.

### A. The Individual Defendants Are Shielded by Qualified Immunity.

Government officials are shielded by qualified immunity from liability for damages on account of their performance of discretionary official functions, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The availability of the defense turns on the "objective legal reasonableness'" of the allegedly unlawful action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987), (quoting Harlow v. Fitzgerald, 457 U.S. at 818-19). The defense of qualified immunity cannot be defeated by simply alleging a generalized right has been established. Rather, the contours of that right must have been clearly established at the time of the alleged violation so that the individual government official should have known that his or her actions violated that constitutional right. Id. Where reasonable officials could disagree as to whether the actions of the individual defendant violated the Constitution, qualified immunity applies and shields the individual defendant from suit under § 1983. Cartier v. Lussier, 955 F.2d 841, 847 (2d Cir. 1992); Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987). Thus, the Supreme Court has held that qualified immunity protects from a § 1983 suit "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Qualified immunity applies to defendants accused of violating the First Amendment. Connell v. Signoracci, 153 F.3d 74 (2d Cir. 1998).

The individuals here could not have known that their actions violated the First Amendment. First, as shown in Point I, above, the alleged speech was not protected and thus,

there has been no First Amendment violation. See Siegert v. Gilley, 500 U.S. 226 (1991). This is an end to the federal claims against all of the individual defendants in this action.

Second, the contours of the First Amendment right cannot be considered to be clearly established in 2005, when the alleged retaliation occurred. Garcetti had not even been handed down at the time. The preexisting law in this Circuit was typified by Ezekwo, which held that complaints about the internal employment conditions of plaintiff was unprotected by the First Amendment. It cannot be said, therefore, that the defendants "knowingly" violated the constitution or that they were "plainly incompetent." Thus, individual defendants are shielded from § 1983 suit and all federal claims against them must be dismissed.

**B.      The City Of New York Is Not A Proper Party**

Plaintiff fails to state a cause of action against the City. The City and the DOE are separate entities[4]. Gonzalez v. Esparza, 2003 U.S. Dist. LEXIS 13711 at *4 (S.D.N.Y. 2003); see Perez v. City of New York, 41 A.D.3d 378, 837 N.Y.S.2d 571 (1st Dept. 2007)("the legislative changes do not abrogate the statutory scheme for bringing lawsuits arising out of torts allegedly committed by the Board and its employees, and the City cannot be held liable for those alleged torts"). The allegations here do not concern the City but, rather, are against DOE and its employees. Accordingly, the City is not a proper party to this action and must be dismissed from this action.

---

[4] Various provisions of the Education Law relating to the governance of the City School District of the City of New York were amended by Chapter 91 of the Laws of 2002, effective July 1, 2002.

POINT III

PLAINTIFF'S CITY HUMAN RIGHTS CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE NOTICE OF CLAIM REQUIREMENTS AND AS TIME-BARRED UNDER EDUCATION LAW § 3813.

A.   Failure To File A Timely Notice of Claim

Education Law § 3813 mandates that potential litigants against the DOE file a notice of claim with the DOE within three months of the accrual of their claims:

> No action or special proceeding, for any cause whatever,...or claim against the district or any school, or involving the rights or interest of any district or school shall be prosecuted or maintained against any school district, board of education, school,...or any officer [thereof] unless it shall appear by and as an allegation in a complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after accrual of such claim.

N.Y. Educ. L. § 3813(1) (emphasis supplied). The purpose of the notice of claim requirement is to give school districts prompt notification that a claim exists so as to permit for efficient investigation. Parochial Bus Systems v. Board of Education, 60 N.Y.2d 539, 547 (1983). Further, plaintiff has the burden of pleading and proving compliance with the notice of claim processes. See Chinatown Apartments, Inc. v. New York City Transit Authority, 100 A.D.2d 824, 826 (1st Dep't 1984); Leith Constr. Co. v. Board of Education, 75 A.D.2d 615 (2d Dep't 1980).

If a litigant fails to properly file a timely notice of claim, that person will be deemed to have failed to satisfy a necessary condition precedent to initiate his claim and a lawsuit thereafter filed will be dismissed. See Parochial Bus Systems, 60 N.Y.2d at 547. A

motion to serve a late notice of claim, that is, after the 90-day period, cannot be made after the expiration of the statute of limitations for the underlying cause of action. Pierson v. City of New York, 56 N.Y.2d 950, 439 N.E.2d 331, 453 N.Y.S.2d 615 (1982).

The notice of claim must name the person or persons to be sued. A notice of claim filed against one person cannot suffice to advise any other person that the potential plaintiff means to bring suit against that other person. See, e.g., Ratner v Planning Commission of the Village of Pleasantville, 156 AD2d 521, 548 N.Y.S.2d 943 (2d Dept. 1989); Moore v Melesky, 14 AD3d 757, 788 N.Y.S.2d 679 (3d Dept. 2005); White v Averill Park Central School District, 195 Misc2d 409, 759 N.Y.S.2d 641 (Sup. Ct. Rensselaer Co. 2003). Thus, failure to name a defendant in the notice of claim requires dismissal of an action or proceeding as against that defendant.

Finally, the Court of Appeals has held that the notice of claim provisions of Education Law § 3813 are applicable to Human Rights Law causes of action. Amorosi v. S. Colonie Ind. Cent. Sch. Dist., 34 A.D.3d 1073 (3d Dep't. 2006). Moreover, the one-year statute of limitations provided in Education Law § 3813 is applicable to State Human Rights Law claims. Amorosi, 34 A.D.3d 1073. If, as the Court of Appeals has held, the notice of claim and one-year statute of limitations of Education Law § 3813 is applicable to the State Human Rights Law, it necessarily follows that those provisions are applicable to the City Human Rights Law, a City enactment. Thus, a one-year statute of limitations and the notice of claim requirements apply to the CHRL claim here. .

Here, plaintiff's cause of action arose no later than his transfer in the "Fall of 2005." See Second Amended Complaint at ¶ "16." While plaintiff's transfer occurred in August of 2005, defendants will assume for purposes of this motion that "Fall of 2005" means, at the

latest, December 31, 2005, which is 10 days after the start of winter. Accordingly, plaintiff's time to file a notice of claim against the DOE and the individually named defendants expired 90 days later on March 31, 2006. Plaintiff has never filed, and has never claimed to have filed, a notice of claim against the DOE or any of the individually named individuals. Plaintiff only alleges that he served a copy of the complaint upon the Office of the Corporation Counsel of the City of New York on November 21, 2007, 1½ years after the 90-day period for filing a notice of claim and well after the expiration of the one-year statute of limitations. Thus, plaintiff has failed to perform a necessary condition precedent to suit, and this failure compels dismissal of the City Human Rights claims.

It need only be added that a proceeding seeking permission to file a late notice of claim must be brought within the statute of limitations for the underlying claim. Pierson v. City of New York, 56 N.Y.2d 950 (1982); see Owners Realty Management & Constr. Corp. v. Board of Educ., 192 A.D.2d 471 (1st Dep't 1993). The statute of limitations on all causes of action against the DOE and its agents is one year from the date that the cause of action arose. Education Law § 3813(2-b). Thus, the fatal defect of the failure to file a notice of claim cannot be remedied by a proceeding to file a late notice of claim.

**B.      Time-Bar.**

The statute of limitations on all causes of action against the DOE and its agents is one year from the date that the cause of action arose. Education Law § 3813(2-b). Amorosi, 9 N.Y.3d at 373; see Sirota v. N.Y. City Bd. of Educ., 283 A.D.2d 369, 370 (1st Dep't 2001). As the Court of Appeals held in Amorosi:

> Despite any provision for a longer statute of limitations, such as the three-year statute of limitations in *CPLR 214 (2)*, as urged by petitioner, the one-year limitation prescribed in *Education Law*

>    *§ 3813 (2-b)* should govern discrimination claims
>    against a school district.

Id.

Here, plaintiff's cause of action arose no later than his transfer in the "Fall of 2005." See Second Amended Complaint at ¶ "16." While plaintiff's transfer occurred in August of 2005, as noted above, defendants will assume for purposes of this motion that "Fall of 2005" means, at the latest, December 31, 2005. Accordingly, plaintiff's time to commence an action against the DOE and the individually named defendants expired on December 31, 2006. However, plaintiff did not commence the instant action until, at the absolute earliest, November 27, 2007, when the original complaint was filed[5]. Thus, plaintiff's City Human Rights claims are time-barred and must therefore be dismissed.

---

[5] Plaintiff did not name the DOE as a party until on or about March 14, 2008, and thus this is the date the action commenced as against DOE. As the earliest possible date, the filing of the original complaint, is still well beyond the statute of limitations, there is no need to resolve any issue concerning when the suit was interposed against which defendant.

## CONCLUSION

For all the foregoing reasons, defendants respectfully request that this Court grant defendants' motion to dismiss in all respects, that the complaint be dismissed in its entirety, that judgment be entered for defendants, that defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 13, 2008

                                                MICHAEL A. CARDOZO
                                                Corporation Counsel of the
                                                  City of New York
                                                Attorney for Defendants
                                                100 Church Street, Room 2-316
                                                New York, New York 10007-2601
                                                (212) 788-1202
                                                kbarker@law.nyc.gov

By: _____
                                    Kami Z. Barker
                                    Assistant Corporation Counsel

**ALAN M. SCHLESINGER,**
**KAMI Z. BARKER,**
  Of Counsel