07 Civ. 11214 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH FIERRO,

                              Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

# MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel:   Kami Z. Barker
Tel:           (212) 788-1202

City No.: 2007-038307

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

    POINT I ............................................................................................................................ 3

        PLAINTIFF'S ALLEGED SPEECH IS NOT PROTECTED BY THE FIRST AMENDMENT. ..................................... 3

        A.  Plaintiff's Statements Were Pursuant to His Official Duties ............................................................................ 3

        B.  Plaintiff's Speech Is Not a Matter of Public Concern .............................................................................................. 5

    POINT II .......................................................................................................................... 8

        THE REMAINING CLAIMS AND Defendants MUST BE DISMISSED. ............................................................. 8

        A.  The Individual Defendants Are Shielded by Qualified Immunity ................................................................... 8

        C.  CHRL CLAIMS ARE BARRED ........................................................ 9

CONCLUSION ........................................................................................................................... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JOSEPH FIERRO,

                               Plaintiff,

          - against -                        07 Civ. 11214 (SAS)

THE CITY OF NEW YORK, et al.,

                               Defendants.
------------------------------------------------------------ x

## PRELIMINARY STATEMENT

         Plaintiff, a former Assistant Principal ("AP") for the Department of Education ("DOE") brings this action alleging discrimination and retaliation in violation of the City Human Rights Law ("CHRL"), § 1983, and the First Amendment.[1] Defendants moved to dismiss because the alleged speech was unprotected by the First Amendment, the individual defendants were protected by qualified immunity, the City was not a proper party, and the CHRL claims were both time-barred and barred by the failure to file a notice of claim.

         Plaintiff, in opposition to defendants' motion, alleges that plaintiff told his supervisor, Principal Bleadon, that he would not assist the principal embellish DOE documents and that this is speech protected by the First Amendment. However, this is entirely inconsistent with a long line of First Amendment cases which culminated in the Supreme Court's decision in Garcetti v. Ceballos, 547 U.S. 410 (2006), and its progeny. For example, plaintiff principally argues that his speech is protected because he was acting as a citizen witness when making the

---

[1] DOE is formally the Board of Education of the City School District of the City of New York. All references to "§ 1983" are to 42 U.S.C. § 1983, to "Education Law" are to the New York Education Law, to the "State Human Rights Law" or "State HRL" to the New York Executive Law §§ 296, et seq., to the "City Human Rights Law" or "CHRL" to the New York City Administrative Code §§ 8-101, et seq.; and to "City" to the City of New York.

1

speech. However, Garcetti and its progeny cannot be evaded by the simple device of re-characterizing allegations. A public employee's speech is not protected each time he decides, post-hoc, that when he spoke he did so as a citizen rather than an employee. It is the nature of the speech and its context which determines whether it is protected, and not the hat plaintiff chooses to cover that speech. Plaintiff here was acting as an assistant principal complaining to his supervisor that he did not wish to do the task assigned to him. Plaintiff's grievance, therefore, is not protected speech, and this is an end to his claim.

Further, plaintiff argues that his CHRL claims are neither time-barred nor barred by the failure to file a notice of claim. Plaintiff simply argues that the CHRL's three-year statute of limitations trumps the New York State Education Law statute of limitations as well as the 90-day notice of claim. Plaintiff's argument has been rejected by the New York Court of Appeals in Amorosi, as to the State HRL. and plaintiff supplies no possible reason for the inapplicability of the same rule to the CHRL. Plaintiff argues that the CHRL statute of limitations is "consistent" with the Education Law and, therefore, plaintiff is entitled to choose the longer of the two statutes of limitation. However, plaintiff is simply attempting to wish away the provision of Education Law § 3813, ignoring both the notice of claim requirement and the one-year statute of limitations. Wishing will not make it so – if the Education Law applies to the State HRL it applies to the CHRL. Accordingly, as plaintiff is bound by the Education law, his claims are time-barred for his failure to file a notice of claim and commence an action within one year. Thus, the complaint must be dismissed in its entirety.

## ARGUMENT

## POINT I

## PLAINTIFF'S ALLEGED SPEECH IS NOT PROTECTED BY THE FIRST AMENDMENT.

A.  **Plaintiff's Statements Were Pursuant to His Official Duties**

Plaintiff contends that his principal, Defendant Bleadon, asked him to prepare official DOE documentation, an incident report and a teacher evaluation, and to include information in those DOE documents that plaintiff believed to be false. Plaintiff alleges that he told his supervisor, Princiapl Bleadon, that he refused to prepare such documentation. It is this statement of his refusal that plaintiff alleges constitutes speech protected by the First Amendment. Plaintiff's allegations are closely analogous to the facts in <u>Garcetti v. Ceballos</u>, in which the Supreme Court held that held that

> when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.

547 U.S. 410, 421-422, (2006).

In <u>Garcetti</u>, the plaintiff believed that an affidavit "contained serious misrepresentations." <u>See</u> <u>id.</u> at 414. Believing that the affidavit was false, the Plaintiff wrote a memorandum attacking the truthfulness of the affidavit and submitted it to his supervisor. <u>See</u> <u>id.</u> The <u>Garcetti</u> plaintiff alleged, as does the instant plaintiff, that his challenge to the truthfulness of the document and refusal to suborn perjury constituted protected First Amendment speech. <u>See</u> <u>id.</u> at 415. The Court held that plaintiff's speech was not entitled to First Amendment protection because his statements were made pursuant to his employment duties. <u>Id.</u>

Plaintiff, here, attempts to distinguish <u>Garcetti</u> from the instant matter by contending that false documents, as opposed to truthful ones, and plaintiff's refusal to do so were not official duties of an assistant principal. However, the <u>Garcetti</u>, Court rejected this sophistic definition of a plaintiff's "duty" or "responsibility" holding that

> [f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is <u>within the scope of the employee's professional duties</u> for First Amendment purposes.

<u>Garcetti</u>, (emphasis added). Accordingly, the Court held that the content of plaintiff's memorandum was not First Amendment protected speech because the speech was within the scope of his job duties.

Here, plaintiff does not deny that writing both the incident reports and evaluations is an official duty of an assistant principal. These are standard tasks of a supervisor common to any assistant principal in the DOE (or indeed any supervisor anywhere). Plaintiffs do not contend otherwise. It logically follows that discussions surrounding the preparation of these documents are well within the scope of the duties and responsibilities of an assistant principal. Hence, just as the plaintiff's speech in <u>Garcetti</u> was held to be within his official job duties, so too here plaintiff's discourse with Bleadon regarding the preparation of an incident report and teacher evaluation was within his official job duties. Thus, plaintiff's spoken refusal is not First Amendment protected speech.

Finally, plaintiff admits in his opposition papers that, as a government employee, he was required to report impropriety, corruption and malfeasance. <u>See</u> Plaintiff's Opposition to Defendants' Motion to Dismiss at 3. Plaintiff thereby admits that objecting and refusing to

facilitate impropriety, corruption and malfeasance are official duties of his position of a public employee. Thus, plaintiff cannot now allege that he was speaking as a citizen and not as a government employee.

### B.   Plaintiff's Speech Is Not a Matter of Public Concern

Assuming, arguendo, that plaintiff's speech was not given pursuant to his official job duties, the speech would still not be protected under the First Amendment because it is not a matter of public concern. The First Amendment protects only those government employees who speak as citizens on matters of public concern. Garcetti, 547 U.S. at 418. Plaintiff endeavors to transform his insubordination into heroic whistle blowing in an attempt to make his speech a matter of public concern. Plaintiff fails to recognize that he made these statements to one person, his supervisor, in the context of work. Plaintiff does not allege that he spoke out in, or in any way to, the public. Plaintiff does not even allege that he "blew the whistle" on Principal Bleadon by reporting the conduct to any higher authority.[2] Plaintiff simply alleges in a sworn affidavit that he told Principal Bleadon that he, plaintiff, would not participate in her efforts to make false accusations against two teachers. This affidavit establishes that plaintiff's speech he alleges to be First Amendment protected was made solely to Bleadon and no one else. However, an employee complaining to his immediate supervisor is not protected by the First Amendment simply because his or her lawyer is capable of spinning this as the most important revelation since Watergate. It is simply an internal grievance, which the First Amendment does not serve to constitutionalize. Garcetti, 126 S.C.t at 1959 (quoting Connick v. Meyers, 461 U.S. 138, 154

---

[2] Indeed, on June 16, 2008, a settlement conference was held in this matter in front of Magistrate Judge Francis. Plaintiff himself informed the Court that he has always told the press "no comment" when asked about the issues surrounding this action.

(1983))(emphasis in original); Ezekwo v. HHC, 940 F.2d 775, 781 (2d Cir.), cert. denied, 502 U.S. 1013 (1991).

Plaintiff's next gambit is to stack one assumption upon another in an attempt to build a pre-Garcetti framework upon which he can rely to save his claim. At the outset, plaintiff argues that because exposing criminal activity in schools is a public concern, his refusal to fabricate corporal punishment in an internal DOE document is also a matter of public concern. This is simply a different version of precisely the same line of argument that was rejected by the Supreme Court in Garcetti. The public's interest in the safety and well-being of its children does not make every word said in a public school a matter of "public concern" for purposes of the First Amendment and the Pickering balancing test. Applied here, not every interoffice dispute over the discipline of a teacher or the content of a teacher's evaluation is a matter of Constitutional import.

Plaintiff then alleges that Principal Bleadon's "wrongful accusations" of these teachers constitute the felony of falsely reporting of a crime. The Garcetti plaintiff, of course, alleged that he was reporting perjury and thus, these allegations cannot suffice to create protected speech. In any event, plaintiff does not allege that Principal Bleadon reported such an incident to the police, an essential element of the crime which plaintiff alleges forms the basis of First Amendment protection. Furthermore, even if either of these allegations were true, plaintiff does not allege that he informed the public or anyone with authority regarding such crimes. however far fetched, is insufficient to transform his complaint into protected speech.

Further, plaintiff alleges that his comments to Principal Bleadon are a matter of public concern because they relate to the quality of the DOE's education. It should be further noted, however, that plaintiff does allege that he made statements to the public or anyone other

than his supervisor regarding the school's quality of education. Instead, plaintiff, again, relies upon an amalgamation of assumptions to shield his internal grievance with the First Amendment. Plaintiff first assumes that had he prepared the documents, these teachers would have been disciplined. Plaintiff next assumes that this discipline would result in a New York Education Law § 3020-a disciplinary hearing. See Burkybile Board Of Education Of The Hastings-On-Hudson UFD, 411 F.3d 306 (2d Cir. 2005)(describing the § 3020-a process and holding that the results of that process receive issue preclusion effect in a subsequent § 1983 case). Plaintiff then assumes that the teachers would have been found guilty after a hearing before a neutral hearing officer. Id. Then plaintiff assumes that the hearing officer would terminate these teachers and that all of this would be upheld in a post-hearing court proceeding in State Court. See N.Y. Civ. Prac. L. & R. Article 78, §§ 7801, et seq. Plaintiff finally assumes that if these teachers had been terminated, the quality of the school's education would deteriorate and that this, finally, is a matter of public concern. However, notwithstanding this mountain of speculation and assumption, in the absence of a public or "whistle-blowing statement," plaintiff's internal grievance is not a matter of public concern.

## POINT II

## THE REMAINING CLAIMS AND DEFENDANTS MUST BE DISMISSED.

**A.   The Individual Defendants Are Shielded by Qualified Immunity.**

Government officials are shielded by qualified immunity from liability for damages on account of their performance of discretionary official functions, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The individuals here could not have known that their actions violated the First Amendment, especially in light of Garcetti, because the alleged speech was not protected. Certainly without plaintiff making a public statement or reporting alleged impropriety and corruption to an authority head, the individuals could not have been aware of any First Amendment speech. Thus, there has been no First Amendment violation. See Siegert v. Gilley, 500 U.S. 226 (1991).

**B.   The City Of New York Is Not A Proper Party**

Plaintiff alleges that the City is a proper party because it may be "determined at some point in this litigation that [sic] City of New York, no the New York City of Department of Education, is not the employer of the Defendants."[3] Plaintiff's argument fails because plaintiff admits, as demonstrated by the caption, that the individually named defendants are either current or former employees of the New York City Department of Education. Further, it is well-established that the City and the DOE are separate entities[4]. Gonzalez v. Esparza, 2003 U.S.

---

[3] Plaintiff has withdrawn his motion to amend the complaint. Hence, a breach of contract claim is not at issue in this case.

[4] Various provisions of the Education Law relating to the governance of the City School District of the City of New York were amended by Chapter 91 of the Laws of 2002, effective July 1, 2002.

Dist. LEXIS 13711 at *4 (S.D.N.Y. 2003); see Perez v. City of New York, 41 A.D.3d 378, 837 N.Y.S.2d 571 (1st Dept. 2007)("the legislative changes do not abrogate the statutory scheme for bringing lawsuits arising out of torts allegedly committed by the Board and its employees, and the City cannot be held liable for those alleged torts"). The allegations here do not concern the City but, rather, are against DOE and its employees. Accordingly, the City is not a proper party to this action and must be dismissed from this action.

### C.     CHRL Claims Are Barred

Plaintiff argues that the CHRL's three year statute of limitations somehow supersedes the New York State Education Law's notice of claim requirement and statute of limitations. Plaintiff, however, entirely ignores the State Court of Appeals ruling in Amorosi v. S. Colonie Ind. Cent. Sch. Dist., 9 N.Y.3d 367 (2007). Indeed, plaintiff does not even cite, let alone distinguish, this controlling case.

The Court of Appeals held in Amorosi that Education Law s 3813 applied to the State HRL and that therefore a one-year statute of limitations rather than the normal three-year statute of limitations applies to the State HRL claim. The Court applied the well known principle of statutory construction that holds that where a specific statute limits the time for suit to a period less than that available under a more general statute (there CPLR § 214(2)), the more specific provision applies. 9 N.Y.3d at 371; see also Clauberg v. State of New York, 856 N.Y.S.2d 827, 832 (Ct. of Claims 2008). In Amorosi, the Court held that "the plain language of Education Law § 3813 (2-b) provides a one-year statute of limitations for all non-tort claims, including actions to redress discriminatory practices . . . ." Id. at 371.

Plaintiff contends that the CHRL and the Education Law are entirely consistent and therefore the general law, CHRL, applies here. However, plaintiff does not cite to any difference between the State and City HRLs in this respect. If the latter is "consistent" with the

Education Law and therefore the CHRL limitations period applies, then the former would have also been consistent with the Education Law and the three-year statute of limitations would have applied. However, Amorosi, holds to the contrary and must be applied here. Thus, plaintiff is bound by the notice of claim provision and the one-year statute of limitations provided in the Education Law. To the extent that the complaint alleges CHRL claims, the complaint is time-barred and barred by the failure to file a notice of claim.

## CONCLUSION

For all the foregoing reasons, defendants respectfully request that this Court grant defendants' motion to dismiss in all respects, that the complaint be dismissed in its entirety, that judgment be entered for defendants, that defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          June 27, 2008

                              **MICHAEL A. CARDOZO**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-316
                              New York, New York 10007-2601
                              (212) 788-1202
                              kbarker@law.nyc.gov

By: _____
                    Kami Z. Barker
                      Assistant Corporation Counsel

**ALAN M. SCHLESINGER,**
**KAMI Z. BARKER,**
  Of Counsel

## DECLARATION OF SERVICE

I, **KAMI Z. BARKER,** declare pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that today, I served the annexed reply memorandum of law upon:

**OFODILE & ASSOCIATES**
Attorneys for Plaintiff
498 Atlantic Avenue
Brooklyn, NY 11217

said address(es) being designated by those attorneys for service, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York.

Dated:    New York, New York
         June 27, 2008

_____
**KAMI Z. BARKER**