UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x    Docket #: 07-CV-11214

**JOSEPH FIERRO,**                                                            (SAS)

                           Plaintiff,

                    -against-

**THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, RONNA BLEADON,**
former Principal, P12X, Special Education District 75, New
York City Department of Education, in her individual
and official capacities, **SHARON BURNETT,** former
Local Instructional Superintendent within Special
Education District 75, New York City Department of
Education, in her individual and official capacities, **DR.
SUSAN ERBER,** former Superintendent, Special
Education District 75, Citywide Programs, New York
City Department of Education, in her individual and
official capacities, and **BONNIE BROWN,** former
Deputy Superintendent (and current Superintendent),
Special Education District 75, Citywide Programs, New
York City Department of Education, in her individual
and official capacities,

                        Defendants.
----------------- --------------------------------------------------------x

---

### PLAINTIFF JOSEPH FIERRO'S
### MEMORANDUM OF LAW IN OPPOSITION TO
### DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT
### OF HIS CROSS-MOTION TO AMEND THE COMPLAINT

---

OFODILE & ASSOCIATES, P.C.
498 Atlantic Avenue
Brooklyn, NY 11217
Tel. No.:  (718) 852-8300

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS--------------------------------------------------------------------i

TABLE OF AUTHORITIES-----------------------------------------------------------------ii

STATEMENT OF FACTS AND ARGUMENT--------------------------------------------1

    I.  PLAINTIFF'S FIRST AMENDMENT CLAIMS AGAINST
        DEFENDANT RONNA BLEADON SHOULD BE
        ALLOWED TO PROCEED-------------------------------------------------------1

        (1) Plaintiff's speech regarding the two teachers constituted speech
            on matters of public concern.--------------------------------------------1

        (2) Plaintiff was not acting pursuant to his duties and responsibilities
            as Assistant Principal when he refused to make false allegations
            against Ms. Grey and Mr. Simon.-------------------------------------5

        (3) Defendant Ronna Bleadon is not entitled to qualified immunity
            from Plaintiff's First Amendment claims.----------------------------6

    II.  PLAINTIFF'S CLAIMS UNDER THE NYC ADMINISTRATIVE
         CODE, SECTION 8, ET SEQ. SHOULD BE ALLOWED TO
         PROCEED--------------------------------------------------------------------7

    III. THE CITY OF NEW YORK SHOULD REMAIN A PARTY----------------10

    IV.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE
         GRANTED AS MOTION IS BEING MADE IN A TIMELY MANNER
         AND THE PROPOSED AMENDMENTS WOULD NOT PREJUDICE
         DEFENDANTS-------------------------------------------------------------11

CONCLUSION----------------------------------------------------------------------------17

# **TABLE OF AUTHORITIES**

<u>Case</u>                                                                                                          <u>Page(s)</u>

<u>Aebisher v. Ryan</u>, 622 F.2d 651 (2nd Cir., 1980)--------------------------------------------------2

<u>Alvarez v. City of New York, et al.</u>,
31 F.Supp.2d 334 (S.D.N.Y., 1998)-------------------------------------------------------------2

<u>Am. Centennial Ins. Co. v. Aseguradora Interacciones S.A.</u>,
2001 U.S. Dist. LEXIS 11933 (S.D.N.Y., Aug. 16, 2001)------------------------------------12

<u>Aramony v. United Way of Am.</u>,
1998 U.S. Dist. LEXIS 3582 (S.D.N.Y., Mar. 25, 1998)-------------------------------------16

<u>Banks Trust Co. v. Weinick, Sanders & Co.</u>,
1993 U.S. Dist. LEXIS 16076 (S.D.N.Y., Nov. 12, 1993)------------------------------------13

<u>Bernheim v. Litt</u>,
79 F.3d 318 (2nd Cir., 1996)---------------------------------------------------------------------4

<u>Bialka v. Lenox Hill Hosp.</u>,
2001 U.S. Dist. LEXIS 6577  (S.D.N.Y., May 21, 2001)---------------------------------12, 16

<u>Bogdan v. N.Y.C. Transit Auth.</u>,
2005 U.S. Dist. LEXIS 9317 (S.D.N.Y., 2000)-------------------------------------------------8

<u>Bracker v. Cohen</u>,
204 A.D. 2d 115 (N.Y. App. Div. 1st Dept., 1994)--------------------------------------8, 9, 10

<u>Burrell v. City Univ. of New York</u>,
995 F.Supp 398 (S.D.N.Y., 1998)----------------------------------------------------------------8

<u>Casale v. Reo</u>,
522 F.Supp.2d 420 (N.D.N.Y., 2007)--------------------------------------------------------2, 5

<u>Catapano v. Western Airlines, Inc.</u>,
105 F.R.D. 621 (E.D.N.Y., 1985)---------------------------------------------------------------13

<u>Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.</u>,
444 F.3d 158 (2nd Cir., 2006)----------------------------------------------------------------1, 2

<u>Colon v. Arrabito</u>,
1998 U.S. Dist. LEXIS 8484 (S.D.N.Y, June 9, 1998)-----------------------------------------7

<u>Case</u>                                                                                                                          <u>Page(s)</u>

<u>Conaway v. Smith,</u>
853 F.2d 789 (10th Cir., 1988)--------------------------------------------------------------------------3

<u>Connecticut, ex. rel. Blumenthal v. Crotto,</u>
346 F.3d 84 (2nd Cir. 2003)-----------------------------------------------------------------------------7

<u>DiFrancesco v. County of Rockland,</u>
41 A.D.2d 530 (N.Y. App. Div. 2nd Dept., 2007)---------------------------------------------------9

<u>DJL Restaurant Corp. v. City of New York,</u>
96 N.Y.2d 91 (2001)--------------------------------------------------------------------------------------8

<u>Dweck v. Pacificorp Capital, Inc.,</u>
1997 U.S. Dist. LEXIS 1940 (S.D.N.Y., February 26, 1997)--------------------------------13

<u>Ettinger v. State University of New York College of Optometry,</u>
1998 U.S. Dist. LEXIS 2289 (S.D.N.Y., Mar. 2, 1998)--------------------------------------9

<u>Ezekwo v. HHC,</u>
940 F.2d 775 (2nd Cir. 1991), *cert denied,* 502 U.S. 1013 (1993)----------------------------8

<u>Fillie-Faboe v. Voc. Educ. & Extension Bd.,</u>
2001 U.S. Dist. LEXIS 25381 (E.D.N.Y., May 11, 2001)----------------------------------4

<u>Finlay v. Simonovich,</u>
1997 U.S. Dist. LEXIS 19100 (S.D.N.Y., Dec. 2, 1997)--------------------------------17

<u>Foman v. Davis</u>,
371 U.S. 178 (1962)--------------------------------------------------------------------------11, 18

<u>Garcetti v. Ceballos,</u>
126 S.Ct. 1951 (2006)-------------------------------------------------------------------------5, 6

<u>Greenbaum v. Svenska Handesbanken,</u>
67 F.Supp.2d 228 (S.D.N.Y., 1999)--------------------------------------------------------8, 9

<u>Hall v. Dworkin,</u>
829 F.Supp. 1403 (N.D.N.Y., 1993)------------------------------------------------------------3

<u>Harris v. Tunica County, Mississippi,</u>
2007 U.S. Dist. LEXIS 7473 (N.D. of Mississippi, Feb. 1, 2007)----------------------------5

<u>Hemphill v. Schott</u>,
141 F.3d 412 (2nd Cir. 1998)---------------------------------------------------------------------12

Case                                                                        Page(s)

Hirschfeld v. Institutional Investor,
208 A.D.2d 380 (N.Y. App. Div. 1st Dept., 1994)--------------------------------------------10

Hulen v. Yates,
322 F.3d 1229 (10th Cir., 2003)--------------------------------------------------------------3

Jancyn Manufacturing Corp. v. County of Suffolk,
71 N.Y.2d 91 (1987)--------------------------------------------------------------------------9

Journal Publ'g Co. v. American Home Assurance Co.,
771 F.Supp. 1434 (S.D.N.Y., 1991)----------------------------------------------------------13

McGuire v. Warren,
490 F.Supp.2d 331 (S.D.N.Y., May 11, 2007)-----------------------------------------------2

McIntyre v. Manhattan Ford, Lincoln Mercury, Inc.,
256 A.D.2d 269 (N.Y. App. Div. 1st Dept., 1998)-----------------------------------------9-10

McMahon v. N.Y. City Bd. of Educ.,
2006 U.S. Dist. LEXIS 89627 (E.D.N.Y., Dec. 12, 2006)------------------------------------4

Monaco v. Lincoln Sav. Bank,
1995 U.S. Dist. LEXIS 1832 (S.D.N.Y. Feb. 17, 1995)------------------------------------18

Morales v. Jones,
494 F.3d 590 (7th Cir. 2007)----------------------------------------------------------------5

Morey v. Somers Cent. Sch. Dist.,
2007 U.S. Dist. LEXIS 20265 (S.D.N.Y., Mar. 21, 2007)--------------------------------1-2

New York City Health and Hospitals Corp. v. Council of the City of New York,
303 A.D.2d 69 (N.Y. App. Div. 1st Dept., 2003)------------------------------------------8

New York State Club Ass'n, Inc. v. City of New York,
69 N.Y.2d 211 (1987)----------------------------------------------------------------------8, 9

Oliver Sch., Inc. v. Foley,
930 F.2d 248 (2nd Cir., 1991)------------------------------------------------------------12

Poulson v. City of N. Townawanda,
811 F. Supp. 884 (W.D.N.Y., 1993)----------------------------------------------------------3

Priore v. N.Y. Yankees,
307 A.D.2d 67 (N.Y. App. Div. 1st Dept., 2003)------------------------------------8, 9, 10

Case                                                                                          Page(s)

Rachman Bag Co. v. Liberty Mut. Ins. Co.,
46 F.3d 230 (2nd Cir. 1995)-------------------------------------------------------------12, 13

Resorts and Motel Advancement Dev. Agency v. Sloan,
160 F.R.D. 449 (S.D.N.Y. 1995)------------------------------------------------------------16

Ruotolo v. City of New York,
514 F.3d 184 (2nd Cir., 2008)-------------------------------------------------------------16

Safeco Insurance Co. v. Discover Property and Casualty,
2008 U.S. Dist. LEXIS 10626 (S.D.N.Y., February 6, 2008)----------------------------13, 16

Sonie Innocent v. Hotels, LLC.,
2006 U.S. Dist. LEXIS 55237 (S.D.N.Y., August 9, 2006)---------------------------------16

State Tchrs. Retirement Bd. v. Fluor Corp., et al.,
654 F.2d 843 (2nd Cir. 1981)-------------------------------------------------------------12, 16

Suffolk County Ethics Comm'n v. Neppell,
307 A.D.2d 961 (N.Y. App. Div. 2nd Dept., 2003)------------------------------------------9

Umansky v. Masterpiece Int'l, Ltd.,
276 A.D.2d 692 (N.Y. App. Div. 2nd Dept., 2000)------------------------------------------9

Vogelsang v. Vaughn,
1998 U.S. Dist. LEXIS 9203 (S.D.N.Y., June 23, 1998)--------------------------------------12

Wahlstrom v. Metro-North Commuter R.R. Co.,
89 F.Supp.2d 506 (S.D.N.Y., 2000)---------------------------------------------------------8

Woodlock v. Orange Ulster B.O.C.E.S.,
2006 U.S. Dist. LEXIS 45085 (S.D.N.Y., June 20, 2006)-------------------------------------4

## STATEMENT OF FACTS AND ARGUMENT

### I.  PLAINTIFF'S FIRST AMENDMENT CLAIMS AGAINST DEFENDANT RONNA BLEADON SHOULD BE ALLOWED TO PROCEED

Plaintiff's First Amendment claims against Defendant Ronna Bleadon, set forth in the Sixth and Seventh Causes of Action of the Second Amended Complaint, should be allowed to proceed because Plaintiff's speech addressed matters of public concern and he was not acting within his duties and responsibilities as an Assistant Principal of P12X when he uttered the speech.  *See* ¶¶ 41-46 of Plaintiff's Second Amended Complaint (hereinafter referred to "Second Am. Compl."), annexed to the Affirmation of Anthony C. Ofodile, Esq. (hereinafter referred to as "Ofodile Aff.") as Ex. 1.

### *(1)  Plaintiff's speech regarding the two teachers constituted speech on matters of public concern.*

Defendants argue that Plaintiff was not engaging in speech on matters of public concern when he refused to heed Defendant Bleadon's directives that he falsely accuse Ms. Grey of helping a student assault another student and that he concoct bases for an unsatisfactory rating for Mr. Simon (*see* Second Am. Compl., ¶¶ 22-23).  Plaintiff's speech concerning Ms. Grey and Mr. Simon touched on matters of public concern and interest for the following reasons.

Firstly, in refusing to falsely implicate Ms. Grey in a crime – the assault of a minor student, Plaintiff's speech facilitated the public's interest in knowing the truth about how crimes in our schools occur.

The Second Circuit has held that speech exposing criminal activity at schools constitutes speech on a matter of public concern.  *See* Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 164 (2nd Cir., 2006) [cited in Morey v. Somers Cent.

Sch. Dist., 2007 U.S. Dist. LEXIS 20265 at *30 (S.D.N.Y., Mar. 21, 2007); McGuire v. Warren, 490 F.Supp.2d 331, 339-340 (S.D.N.Y., May 11, 2007)]; Aebisher v. Ryan, 622 F.2d 651 (2nd Cir., 1980). *See also* Casale v. Reo, 522 F.Supp.2d 420, 424 (N.D.N.Y., 2007). More generally, Section 120.00, et seq. of the New York State Penal Law criminalizes the act of assault. In Cioffi, 444 F.3d at 164, the Second Circuit stated that state laws criminalizing conduct underscore the public's concern for the conduct.

If speech exposing criminal activity addresses a matter of public of concern, it follows that speech rejecting or resisting the false or fraudulent portrayal of a crime rises to the level of public concern. In refusing to falsely implicate Ms. Grey in the assault of a minor student, Plaintiff was refusing to participate in the false portrayal of a crime against a child and in obstruction of justice. The Southern District of New York has specifically held that an individual's refusal to participate in the distortion of a crime or in the cover-up of the truth about a crime constitutes speech on a public concern. *See* Alvarez v. City of New York, et al., 31 F.Supp.2d 334, 344 (S.D.N.Y., 1998) (the plaintiff engaged in speech on a matter of public concern when he refused to cover up a police brutality case before the CCRB involving two officers unlawfully detaining and assaulting a Hispanic man and fabricating charges against him). *See also,* Casale v. Reo, 522 F.Supp.2d 420, 424 (N.D.N.Y., 2007). In addition, the New York State Penal Law criminalizes false reporting on a crime under Sections 240.50 (falsely reporting an incident in the third degree), 240.55 (falsely reporting an incident in the second degree), 240.60 (falsely reporting an incident in the first degree), and 210.00, et seq (perjury and related offenses). As stated above, the fact that state law criminalizes this type of conduct shows its public importance.

Furthermore, in refusing to concoct bases for an unsatisfactory evaluation for Mr. Simon, Plaintiff was refusing to participate in the falsification of a business record – the Mr. Simon's evaluation. Falsifying a business record is a crime under New York State Penal Law, Sections 175.05 and 175.10 and therefore, Plaintiff's speech relating to same addressed a matter of public concern.

Plaintiff's speech regarding both Grey and Simon also addressed matters of public concern in the following ways. Firstly, by refusing to participate in Defendant Bleadon's efforts to wage false accusations against two teachers, Plaintiff was objecting to, and refusing to facilitate, the "abuse and harassment of staff" at a public institution, which has been held to constitute a matter of public concern. Hulen v. Yates, 322 F.3d 1229, 1238 (10th Cir., 2003). In addition, in refusing to concoct charges against Grey and Simon, Plaintiff told Bleadon not to come for things like that, thereby communicating to Bleadon that he would not participate in her future efforts to disparage, harass, and abuse staff. See Second Am. Compl., ¶ 22; Affidavit of Plaintiff Joseph Fierro (hereinafter referred to as "Pl. Aff.", annexed to Ofodile Aff. as Ex. 2, ¶¶ 2-3. This conveys the public impact of his speech beyond refusing to facilitate Bleadon's harassment of two faculty members.

In addition, when Plaintiff refused to heed Bleadon's directives to fabricate allegations against two faculty members and assist in the falsification of an evaluation for Mr. Simon, he was objecting to, and refusing to facilitate, a state actor's commitment of impropriety, corruption, and malfeasance. State actors' perpetration of impropriety, corruption, and malfeasance are considered matters of public concern. See Hulen v. Yates, 322 F.3d 1229, 1238 (10th Cir., 2003) [quoting Conaway v. Smith, 853 F.2d 789,

796 (10th Cir., 1988)]; Hall v. Dworkin, 829 F.Supp. 1403, 1409, n. 7 (N.D.N.Y., 1993);

Poulson v. City of N. Townawanda, 811 F. Supp. 884, 894 (W.D.N.Y., 1993).

Plaintiff's speech regarding Ms. Grey and Mr. Schwartz also addressed a matter

of public concern because Plaintiff was refusing to aid Bleadon's efforts to destroy the

careers of two very good teachers and therefore to deprive the special-needs children in

New York of two very good teachers.  In fact, Plaintiff specifically told Defendant

Bleadon on each occasion that he was not going to destroy the career of a good teacher.

*See* Second Am. Compl, ¶¶ 22-23; Pl. Aff., ¶¶ 2-3.  The quality of the teachers in a

publicly-funded school such as P12X is part and parcel of the quality of education offered

by that school and Courts have held that the quality of education offered by a publicly-

funded school is a matter of public concern.  *See* Bernheim v. Litt, 79 F.3d 318, 325 (2nd

Cir., 1996); McMahon v. N.Y. City Bd. of Educ., 2006 U.S. Dist. LEXIS 89627 at *26

(E.D.N.Y., Dec. 12, 2006); Woodlock v. Orange Ulster B.O.C.E.S., 2006 U.S. Dist.

LEXIS 45085 at *17 (S.D.N.Y., June 20, 2006); Fillie-Faboe v. Voc. Educ. & Extension

Bd., 2001 U.S. Dist. LEXIS 25381 at *18-19, 23 (E.D.N.Y., May 11, 2001).

Finally, by refusing to create false accusations against two teachers at P12X,

Plaintiff was saving the school the embarrassment and humiliation that would come along

with a teacher being accused of helping a student assault another student and with a

teacher being unsatisfactorily related on his evaluation.  The image that a public school

portrays and the confidence that parents have in the school are matters of public concern.

**(2)  *Plaintiff was not acting pursuant to his duties and responsibilities as Assistant Principal when he refused to make false allegations against Ms. Grey and Mr. Simon.***

Defendants argue that Plaintiff was acting within his duties and responsibilities as an Assistant Principal when he refused to falsely accuse Ms. Grey of helping a student assault another student and when he refused to fabricate grounds for an unsatisfactory rating for Mr. Simon.  Defendants therefore argue that Plaintiff speech was not protected under Garcetti v. Ceballos, 126 S.Ct. 1951 (2006) and 42 U.S.C. § 1983.  Defendants are incorrect.[1]

Plaintiff was a witness to the student-on-student assault that Ms. Grey broke up. *See* Second Am. Compl., ¶ 22; Pl. Aff., ¶ 2.  He happened to be in the vicinity when the assault happened.  Therefore, when he refused to falsely allege that he saw Ms. Grey hold the head of one of the students so that the other student could assault her, he was acting in his capacity as a citizen witness.  *See* Morales v. Jones, 494 F.3d 590, 602 (7th Cir., 2007);  Harris v. Tunica County, Mississippi, 2007 U.S. Dist. LEXIS 7473 at *7-8 (N.D. of Mississippi, Feb. 1, 2007) (the plaintiff's statements to the Internal Affairs of the Sheriff's Department were made as a witness to an alleged incident involving officer misconduct, not as part of her duties as a jailer, and therefore her speech was not excluded by Garcetti to that extent.).  *See also,* Casale v. Reo, 522 F.Supp.2d 420, 424 (N.D.N.Y., 2007).  Plaintiff was in the same position as any other person who may have witnessed the assault, and his position as Assistant Principal had nothing to do with the fact that he witnessed the assault.

---

[1] Contrary to Defendants' representation in their motion papers, Plaintiff does not assert in his complaint that he was acting as an Assistant Principal when he engaged in this speech.  *See* Second Am. Compl., ¶¶ 22-23.

With regard to Plaintiff's speech concerning Mr. Simon, although evaluating teachers was within Plaintiff's job responsibilities, it was not within Plaintiff's job duties and responsibilities to lie, help falsify documentation, or fabricate allegations about teachers. *See* Pl. Aff., ¶ 2. Therefore, when Plaintiff communicated to Ms. Bleadon that he was not going to fabricate a basis for an unsatisfactory rating or assist in the falsification of an evaluation, he was not addressing an issue that was within his job responsibilities and duties. He was speaking as a citizen. Therefore, his speech must be protected under <u>Garcetti</u>.

### *(3) Defendant Ronna Bleadon is not entitled to qualified immunity from Plaintiff's First Amendment claims.*

Defendant Ronna Bleadon is not entitled to qualified immunity from Plaintiff's First Amendment claims. Plaintiff articulates above numerous ways in which his speech regarding Mr. Simon and Ms. Grey addressed matters of public concern. Many of the cases cited by Plaintiff precede Defendant Bleadon's retaliation against Plaintiff in 2005 and therefore put Bleadon on notice that such activity would violate Plaintiff's First Amendment rights. Defendant Bleadon should have also known that Plaintiff's speech addressed matters of public concern because he was refusing to commit acts that were criminalized under New York Penal Law and therefore were the subject of public concern.

Although Plaintiff has cited case law and statutes to show that Defendant Bleadon was violating clearly established rights, citing such case law and statutes is not even necessary in this case to show that Defendant Bleadon is not entitled to qualified immunity. Common sense dictates that the public would have an interest in a principal

telling an assistant principal to falsify allegations against teachers or to falsely implicate a teacher in a crime.  Common sense also dictates that doing such activities would not be part of the assistant principal's job duties.  Common sense may be taken into account in determining whether to apply qualified immunity.  *See* <u>Colon v. Arrabito</u>, 1998 U.S. Dist. LEXIS 8484 at *7 (S.D.N.Y., June 9, 1998).  *See generally,* <u>Connecticut, ex. rel. Blumenthal v. Crotto</u>, 346 F.3d 84, 104 (2nd Cir. 2003).

The argument that <u>Ezekwo v. HHC</u>, 940 F.2d 775 (2nd Cir. 1991), *cert denied,* 502 U.S. 1013 (1993) held that complaints about the internal employment conditions of the plaintiff were unprotected by the First Amendment is irrelevant to the instant case because Plaintiff Joseph Fierro's speech had public import and went beyond internal employment conditions.

## II.  PLAINTIFF'S CLAIMS UNDER THE NYC ADMINISTRATIVE CODE, SECTION 8, ET SEQ. SHOULD BE ALLOWED TO PROCEED

The statutes of limitations propounded in New York State Education Law Sec. 3813 should not be applied to claims asserted by Plaintiff under the New York City Administrative Code, Sec. 8, et seq. (hereinafter also referred to as the "New York City Human Rights Law") in the First through Fifth Causes of Action of the Second Amended Complaint (*see* Second Am. Compl., ¶¶ 31-40).  The New York City Administrative Code, Section 8-502(d) specifically states that the statute of limitations for filing a civil case under this statute is three years.  The only exception that it propounds is where a complaint is filed with the city commission on human rights or the state division of human rights, in which case the statute of limitations is tolled.  The statute does not propound any other exceptions for the application of the statute of limitations nor does it state that its statute of limitations is subject to State law.

The New York City Human Rights Law's statute of limitations can only be trumped by State Law if the former is inconsistent with the latter or the former is preempted by the latter. *See* New York City Health and Hospitals Corp. v. Council of the City of New York, 303 A.D.2d 69, 81 (N.Y. App. Div. 1st Dept., 2003). Neither of these circumstances exist here.

Firstly, both federal and state courts in New York have specifically and repeatedly held that the New York State legislature, and therefore State Law, have not preempted the area of human rights. *See* Bogdan v. N.Y.C. Transit Auth., 2005 U.S. Dist. LEXIS 9317 at *15 (S.D.N.Y., 2000); Wahlstrom v. Metro-North Commuter R.R. Co., 89 F.Supp.2d 506, 527, n.21 (S.D.N.Y., 2000); Greenbaum v. Svenska Handesbanken, 67 F.Supp.2d 228, 265-266 (S.D.N.Y., 1999); Burrell v. City Univ. of New York, 995 F.Supp 398, 411, n.7 (S.D.N.Y., 1998); New York City Health and Hospitals Corp. v. Council of the City of New York, 303 A.D.2d 69, 81 (N.Y. App. Div. 1st Dept., 2003); Priore v. N.Y. Yankees, 307 A.D.2d 67, 73 (N.Y. App. Div. 1st Dept., 2003); Bracker v. Cohen, 204 A.D. 2d 115, 115-116 (N.Y. App. Div. 1st Dept., 1994); New York State Club Ass'n, Inc. v. City of New York, 69 N.Y.2d 211, 217-218 (1987).

Secondly, applying the New York City Human Rights Law's three-year statute of limitations to employees of the New York City Department of Education would not be considered inconsistent with State Law under prevailing case law. New York courts have specifically held that a city law is "inconsistent" with a state law where it (1) prohibits conduct which the State considers acceptable or at least does not prohibit or (2) imposes additional restrictions on rights granted by State law. *See* DJL Restaurant Corp. v. City of New York, 96 N.Y.2d 91, 95 (2001); Priore v. N.Y. Yankees, 307 A.D.2d 67, 73 (N.Y.

App. Div. 1st Dept., 2003); <u>Jancyn Manufacturing Corp. v. County of Suffolk</u>, 71 N.Y.2d

91, 97 (1987); <u>New York State Club Ass'n, Inc. v. City of New York</u>, 69 N.Y.2d 211,

217 (1987); <u>DiFrancesco v. County of Rockland</u>, 41 A.D.2d 530, 531-532 (N.Y. App.

Div. 2nd Dept., 2007); <u>Suffolk County Ethics Comm'n v. Neppell</u>, 307 A.D.2d 961, 963

(N.Y. App. Div. 2nd Dept., 2003); <u>Bracker v. Cohen</u>, 204 A.D. 2d 115, 116 (N.Y. App.

Div. 1st Dept., 1994).

  Applying the three-year statute of limitations articulated in the New York City

Human Rights Law to employees of the New York City Board of Education would not

constitute prohibiting conduct which the State considers acceptable or imposing

additional restrictions on rights granted by State law.  Applying the City Law statute of

limitations would only constitute subjecting the Education Department employees to

greater liability than they are subjected to under State Law for actions that are deemed

unacceptable and illegal under both laws.  Subjecting individuals to greater liability does

not make the City statute of limitations inconsistent with the State statute of limitations.

In fact, the New York City Human Rights Law's allowance for punitive damages also

subjects defendants to greater liability than the State Law, which does not allow punitive

damages, and Courts have held that this difference between the City Law and State Law

does not render the former inconsistent with the latter.  *See* <u>Greenbaum v. Svenska</u>

<u>Handesbanken</u>, 67 F.Supp.2d 228, 265-266 (S.D.N.Y., 1999); <u>Ettinger v. State University</u>

<u>of New York College of Optometry</u>, 1998 U.S. Dist. LEXIS 2289 at *30, n. 6 (S.D.N.Y.,

Mar. 2, 1998); <u>Priore v. N.Y. Yankees</u>, 307 A.D.2d 67, (N.Y. App. Div. 1st Dept., 2003);

<u>Umansky v. Masterpiece Int'l, Ltd.</u>, 276 A.D.2d 692, 693 (N.Y. App. Div. 2nd Dept.,

2000); <u>McIntyre v. Manhattan Ford, Lincoln Mercury, Inc.</u>, 256 A.D.2d 269, 271 (N.Y.

App. Div. 1st Dept., 1998); <u>Bracker v. Cohen</u>, 204 A.D. 2d 115 (N.Y. App. Div. 1st Dept., 1994); <u>Hirschfeld v. Institutional Investor</u>, 208 A.D.2d 380 (N.Y. App. Div. 1st Dept., 1994).

Another example in which it has been held that the New York City Human Rights Law's subjection of a defendant to greater liability than State Law did not make the City Law inconsistent with the State Law is presented in <u>Priore v. N.Y. Yankees</u>, 307 A.D.2d 67, 72-73 (N.Y. App. Div. 1st Dept., 2003). In that case, the First Department held that the New York City Human Rights Law's prohibition of discrimination on the basis of sexual orientation, which is not a ground for discrimination under State Law, did not make the City Law inconsistent with the State Law.

In sum, because State Law has not preempted the human rights arena and applying the New York City Human Rights Law's three-year statute of limitations to Department of Education employees can not be considered inconsistent with the State Law under prevailing case law, Plaintiff's causes of action under the New York City Human Rights Law should be allowed to proceed against the Defendants.

## III.  THE CITY OF NEW YORK SHOULD REMAIN A PARTY

The City of New York should not be dismissed from this case.  Plaintiff's rights need to be safeguarded in the event that it is determined at some point in this litigation that City of New York, not the New York City Department of Education, is not the employer of the Defendants.  Furthermore, Plaintiff is making a motion to amend the Complaint to include breach of contract claims and it is unclear whether the contract at issue was with the City of New York or the New York City Department of Education.

## IV.  PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED AS MOTION IS BEING MADE IN A TIMELY MANNER AND THE PROPOSED AMENDMENTS WOULD NOT PREJUDICE DEFENDANTS

Plaintiff seeks to amend the Complaint to include:  (1) claims against Defendant City of New York/New York City Department of Education under Title VII for sexual harassment/discrimination and retaliation; (2) claims against Defendants Sharon Burnett, Bonnie Brown, and Dr. Susan Erber under 42 U.S.C. Sec. 1983 for denial of due process in transferring Plaintiff to another school; (3) a common law claim against Defendant City of New York/New York City Department of Education for breaching its contract with the CSA union (of which Plaintiff is a member) by transferring Plaintiff to another school; (4) a common law claim against Defendants Burnett, Brown, and Erber for tortiously interfering with Plaintiff's contractual relations with the City of New York/New York City Department of Education by transferring him to another school; (5) the additional factual allegations that the transfer of Plaintiff to another school violated the union contract and the Chancellor's Rules and Regulations; (6) the equitable remedy under each cause of action of reinstatement of the sick days that he took for his medical leave of absence; (7) a more detailed account of the facts underlying his First Amendment claims; and (8) some minor cosmetic, grammatical changes.  *See* Proposed Third Amended Complaint, annexed to Ofodile Aff. as Ex. 3.

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires".   In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the U.S. Supreme Court broadly interpreted this rule and held:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

> allowed, undue prejudice to the opposing party ... etc., the leave
> sought should as the rules require, be "freely given".
> Foman v. Davis, 371 U.S. at 182 (1962).

The Second Circuit has repeatedly cited and relied upon this Supreme Court decision to support its decisions to uphold District Court decisions granting leave to amend and to support its decisions to reverse District Court decisions denying the plaintiff leave to amend.  *See eg.* Hemphill v. Schott, 141 F.3d 412, 420 (2nd Cir., 1998) (reversing District Court's denial of leave to amend); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-235 (2nd Cir., 1995) (upholding District Court's decision to grant plaintiff leave to amend); Oliver Sch., Inc. v. Foley, 930 F.2d 248, 252-253 (2nd Cir., 1991) (reversing District Court's denial of leave to amend); State Tchrs. Retirement Bd. v. Fluor Corp., et al., 654 F.2d 843, 856 (2nd Cir. 1981) (reversing District Court's denial of leave to amend to add claims).

Plaintiff Joseph Fierro has not exercised undue delay in making this motion.  He is making his motion for leave to amend the Complaint more than three months before the close of discovery and before any depositions have been conducted.  *See* Ofodile Aff., ¶ 20.  The Southern District of New York has held that a period of three months before the close of discovery is not untimely or an undue delay.  *See* Am. Centennial Ins. Co. v. Aseguradora Interacciones S.A., 2001 U.S. Dist. LEXIS 11933 at *7 (S.D.N.Y., August 16, 2001); Vogelsang v. Vaughn, 1998 U.S. Dist. LEXIS 9203 at *2 (S.D.N.Y., June 23, 1998).  In Bialka v. Lenox Hill Hosp., 2001 U.S. Dist. LEXIS 6577 at *4 (S.D.N.Y., May 21, 2001), the Southern District of New York held that even approximately one month before the close of discovery was not untimely.

Furthermore, Plaintiff is making this motion to amend the Complaint less than seven months after he filed his initial pleading in State Court.  Courts have allowed parties to amend their pleadings comparable periods of time after those parties filed their initial pleadings and even much longer periods of time after those parties filed their initial pleadings.  *See* Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2nd Cir., 1995) (allowing amendment of complaint four years after initial pleading); Safeco Insurance Co. v. Discover Property and Casualty, 2008 U.S. Dist. LEXIS 10626 at *8 (S.D.N.Y., Feb. 6, 2008) (allowing amendment of complaint more than one year after initial pleading);  Dweck v. Pacificorp Capital, Inc., 1997 U.S. Dist. LEXIS 1940 at *11 (S.D.N.Y. February 26, 1997) (allowing amendment of complaint four years after initial pleading); Banks Trust Co. v. Weinick, Sanders & Co., 1993 U.S. Dist. LEXIS 16076 at *25 (S.D.N.Y., Nov. 12, 1993) (holding that the plaintiff did not exercise undue delay in making motion to amend complaint eight months after initial pleading); Journal Publ'g Co. v. American Home Assurance Co., 771 F.Supp. 1434, 1438 (S.D.N.Y., 1991) (allowing amendment of complaint three years after initial pleading); Catapano v. Western Airlines, Inc., 105 F.R.D. 621, 623 (E.D.N.Y., 1985) (granting leave to amend complaint more than one year after initial pleading and holding that the period does not constitute undue delay).

Plaintiff is making this motion to amend the Complaint at this stage in the litigation for the following reasons.  At a Court conference on March 6, 2008, Defense Counsel for the first time challenged on statute of limitations grounds the discrimination and retaliation causes of action that Plaintiff had asserted in the Complaint under the New York State Human Rights Law and the New York City Human Rights Law.  *See* Ofodile

13

Aff., ¶ 12.  Defense Counsel argued that the shorter statute of limitations and notice requirements set forth in New York State Education Law Sec. 3813 applied to claims brought under the New York State Human Rights Law and the New York City Human Rights Law.  *See id.*

Because Plaintiff's State and City law claims were under attack, Plaintiff's Counsel decided in early March 2008 to explore moving to amend the complaint to include Title VII causes of action.  *See* Ofodile Aff., ¶ 13.  Prior to Plaintiff retaining Ofodile & Associates, P.C. as his counsel in or about July 2007, Plaintiff had filed a complaint with the New York State Division of Human Rights, regarding, among other things, Defendants' sexual harassment of him, retaliation against him for rebuffing sexual advances, and retaliation against him for complaining about sexual harassment.  *See* Ofodile Aff., ¶ 10; Pl. Aff., ¶ 4; Ofodile Aff., Ex. 4.  Apparently, when Plaintiff filed this complaint with the New York State Division of Human Rights, it was dually filed with the U.S. Equal Employment Opportunity Commission (EEOC) and assigned Federal Charge No.:  16GA601893.  *See* Ofodile Aff., Ex. 4.  However, as of March 2008, neither Plaintiff nor Plaintiff's counsel had received a "Right to Sue" letter from the EEOC on this complaint.  Furthermore, neither Plaintiff nor Plaintiff's Counsel had requested the "Right to Sue" letter.  *See* Ofodile Aff., ¶¶ 13, 14; Pl. Aff., ¶ 5.  Prior to Defense Counsel's challenge to Plaintiff's City and State Law claims on March 6, 2008, Plaintiff's Counsel had not been interested in requesting the "Right to Sue" letter because Plaintiff's Counsel believed that claims under the New York State Human Rights Law and the New York City Human Rights Law would be sufficient and had in fact originally filed the instant lawsuit in State Court.  *See* Ofodile Aff., ¶ 11.

On March 11, 2008, Plaintiff's Counsel wrote a letter to the EEOC requesting the "Right to Sue" letter in order to make the within motion to amend the Complaint to add Title VII claims. *See* Ofodile Aff., ¶13; Ofodile Aff., Ex. 6.

Plaintiff's Counsel received the "Right to Sue" letter after March 19, 2008 and are making this motion to amend the Complaint within 90 days of receiving that letter. *See* Ofodile Aff., ¶ 14; Ofodile Aff., Ex. 7. Although the EEOC purports to have issued the "Right to Sue" letter on September 17, 2007, neither Plaintiff nor his Counsel received the letter at that time or any time in 2007. Plaintiff's Counsel did not receive the letter at all until late March 2008 after requesting it in early March. Plaintiff himself has never directly received a copy of the letter. He did not even receive a copy of the letter from the EEOC when the EEOC sent Plaintiff's Counsel a copy. *See* Ofodile Aff., ¶¶ 13, 14; Pl. Aff., ¶ 5.

With regard to Plaintiff's newly asserted claims for breach of contract, tortious interference with contractual relations, and due process violations, Plaintiff's Counsel realized that Plaintiff had these claims in the course of preparing the cross-motion. *See* Ofodile Aff, ¶ 15.

With regard to Plaintiff's proposed amendments to further elaborate on the facts underlying the First Amendment claims, these amendments were motivated by Defendants' challenge to Plaintiff's First Amendment claims in their motion to dismiss. *See* Ofodile Aff., ¶16.

With regard to the proposed amendment to add the equitable remedy of reinstatement of sick days to each cause of action, Plaintiff's counsel was alerted to this omission by Plaintiff in just the past few months. *See* Ofodile Aff., ¶ 17.

Therefore, all of the amendments are being proposed within a short time after the need for them was discovered and/or within a short time after they could be made (ie. making of Title VII claims necessitated a "Right to Sue" letter). Therefore, Plaintiff has neither exercised bad faith or undue delay in making them.

In addition, even though Plaintiff has explained above why he has not exercised due delay in making the within motion, the Second Circuit has held that "mere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Ruotolo v. City of New York, 514 F.3d 184, 191 (2nd Cir., 2008) [quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 853, 856 (2nd Cir., 1981)]. See Safeco Ins. Co. of Am. v. Discover Prop. and Cas. Ins., 2008 U.S. Dist. LEXIS 10626 at *8 (S.D.N.Y. February 6, 2008); Sonie Innocent v. Hotels, LLC., 2006 U.S. Dist. LEXIS 55237 at *10-11 (S.D.N.Y., Aug. 9, 2006); Bialka v. Lenox Hill Hosp., 2001 U.S. Dist. LEXIS 6577 at *3 (S.D.N.Y., May 21, 2001); Aramony v. United Way of Am., 1998 U.S. Dist. LEXIS 3582 at *2 (S.D.N.Y., Mar. 25, 1998); Resorts and Motel Advancement Dev. Agency v. Sloan, 160 F.R.D. 449, 451 (S.D.N.Y. 1995).

Defendants would not suffer any prejudice from the proposed amendments. Firstly, the Title VII claims, in terms of substance, are mirror images of the New York City Human Rights Law claims so they would not require any additional discovery. See Ofodile Aff., Ex. 3; Ofodile Aff., ¶ 19.

With regard to Plaintiff's proposed due process, breach of contract, and tortious interference with contractual relations, the subject of these new claims is the transfer of Plaintiff from P12X to P753K, and this occurrence was alleged in the original complaint and subsequent amended complaints and was the subject of a retaliation claim under the

New York City Human Rights Law in the original complaint and the subsequent amended complaints. *See* Ofodile Aff., ¶ 20; Second Am. Compl., ¶¶ 27, 37-38. Because the transfer has been a subject in this lawsuit from the very beginning, Defendants were given the opportunity to incorporate inquiries about the transfer in their interrogatories and document requests. *See* Ofodile Aff., ¶ 20. The new element that Plaintiff's proposed amendments introduces is the transfer being a violation of the contract between Plaintiff's union and the City of New York/New York City Department of Education, and a violation of the New York City Chancellor's Rules and Regulations. These additional elements would require minimal discovery. In terms of written discovery, Plaintiff would only need to procure a copy of the union contract and the Chancellor's Rules and Regulations that were in effect at the time of the transfer and any documents that the union has concerning Defendants' breach of/tortious interference with the contract in transferring Plaintiff. No depositions have been conducted in this case so Defendants would have ample opportunity to explore these new claims. Furthermore, with regard to the depositions that Plaintiff had planned to conduct, the only deposition that these new claims would add would be a deposition of a representative of the union. *See* Ofodile Aff., ¶ 20.

With regard to Plaintiff's proposed claim for reinstatement of his sick days under each cause of action, this exposure to greater liability can not be a basis for prejudice. *See* Finlay v. Simonovich, 1997 U.S. Dist. LEXIS 19100 at *7-8 (S.D.N.Y., Dec. 2, 1997) (plaintiff's newly asserted claim for punitive damages, for which defendants were uninsured, did not constitute the type of "prejudice" that the Supreme Court referred in

<u>Foman</u> as a basis for denying leave to amend); <u>Monaco v. Lincoln Sav. Bank</u>, 1995 U.S. Dist. LEXIS 1832 at *6 (S.D.N.Y. Feb. 17, 1995).

Finally, Plaintiff's proposed amendment to further elaborate on the factual allegations underlying the First Amendment claims would certainly not prejudice Defendants because the amendment is just providing more detail to support incidents already alleged and claims already made.

Because Plaintiff has not displayed bad faith in making this cross-motion and Defendants would not be prejudiced by the proposed amendments, Plaintiff's motion to amend should be granted.

## <u>CONCLUSION</u>

Based on the above facts and arguments, Defendants' motion to dismiss should be denied in its entirety and Plaintiff's cross-motion to amend the Complaint should be granted in its entirety.

Dated:  Brooklyn, New York
        June 10, 2008

                            OFODILE & ASSOCIATES, P.C.
                            Attorneys for Plaintiff Joseph Fierro


                            By:    /s/ /b/ Anthony C. Ofodile
                            Anthony C. Ofodile, Esq. (AO-8295)
                            Kathy A. Polias, Esq. (KP-9025)
                            498 Atlantic Avenue
                            Brooklyn, New York 11217
                            Tel. No.:  718-852-8300