UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOSEPH FIERRO,

                Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

07 CV 11214 (SAS)(JCF)
08 CV 5329 (SAS)(JCF)


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOSEPH FIERRO,

                Plaintiff,

- against -

THE CITY OF NEW YORK, ET AL.,

                Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

08 CV1837 (CPS)(SMG)

**WHEREAS**, plaintiff commenced an action by filing a summons and complaint in the New York State Supreme Court, Bronx County, on or about November 23, 2007, which was removed to the United States District Court for the Southern District of New York on December 13, 2007 and assigned docket number 07 Civ. 11214 (SAS)(JCF); and plaintiff commenced an action in the United States District Court for the Southern District of New York on June 11, 2008, which was assigned docket number 08 Civ. 5329 (SAS)(JCF); and these cases were consolidated for all purposes on August 28, 2008; and plaintiff commenced an action in the

United States District Court for the Eastern District of New York on May 6, 2008, which was assigned docket number 08 CV 1837 (CBA)(ALC); and plaintiff's three actions alleged discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1983, the First Amendment of the United States Constitution, the New York City and State Human Rights Laws, violation of Due Process under the Fourteenth Amendment of the United States Constitution, and breach of contract;

**WHEREAS,** the parties entered into a Stipulation of Partial Discontinuance with Prejudice on January 20, 2010, in which the plaintiff agreed to withdraw his claims of violation of Due Process and breach of contract, and that based on prior motion practice, the sole remaining defendants in the Southern District consolidated actions were the City of New York ("City"), the Department of Education ("DOE"), and Ronna Bleadon, and the sole remaining claims in the Southern District consolidated actions were sexual harassment, hostile work environment and retaliation in violation of Title VII against the Department of Education and City and New York, and sexual harassment, hostile work environment and retaliation in violation of the City Human Rights Law against Ronna Bleadon;

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in each litigation in order to effect a global resolution without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. Plaintiff hereby agrees to withdraw, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraph "2" below, all the claims asserted against the City, the DOE, Ronna Bleadon, Ketler Louissaint, Susan Erber, Bonnie Brown, Joel I. Klein, Theresa Europe, Dennis Boyles, Thomas Hylan, Lorraine Haynes, their successors or assigns, and all present and former officials, employees, representatives and agents of the City, DOE, Ronna Bleadon, Ketler Louissaint, Susan Erber, Bonnie Brown, Joel I. Klein, Theresa Europe, Dennis Boyles, Thomas Hylan, Lorraine Haynes ("Released Parties") from any and all claims, liabilities and/or causes of action which Plaintiff has or may have against any of the Released Parties based on any act, omission, event or occurrence concerning plaintiff's employment with the DOE occurring from the beginning of the world up through and including the date hereof, including, without limitation, any and all claims which were or could have been alleged by Plaintiff in this action arising out of the events alleged in the complaint herein, including all claims for attorneys' fees and costs.

2. In consideration for the above, the City of New York hereby agrees to pay the plaintiff two hundred thousand dollars ("200,000") in full satisfaction of all claims other than back wages, including claims for emotional and psychiatric injuries, attorneys fees and costs and disbursements of this action; the DOE agrees to pay plaintiff the gross amount of one hundred thousand dollars ("100,000"), less all lawful and applicable deductions and withholdings, representing back wages for the period of February 27, 2006 through the date this agreement is executed by the parties.

3. DOE also agrees that plaintiff will be provided with a neutral reference letter, annexed hereto as Exhibit A, containing only the dates of his employment with DOE and a

contact person in the Human Resources Department of DOE District 75 who should be contacted in the event a prospective employer requires validation of the dates of employment;

4. DOE also agrees that the Unsatisfactory Rating that is currently in the DOE computer system for plaintiff's 2005-2006 school year will be converted to a "No Rating" in the DOE computer system.

5. DOE also agrees that it will remove the following documents from plaintiff's Personnel File;

- Letter dated December 14, 2005 from Bonnie Brown to plaintiff;
- Letter dated December 14, 2005 from Ketler Louissaint to plaintiff;
- Unsatisfactory Rating dated March 7, 2006;
- Letter dated March 10, 2006 from Lorraine Haynes to plaintiff;
- Letter dated January 6, 2005 from Susan Erber to plaintiff;
- Letter dated January 24, 2006 from Ketler Louissaint to plaintiff;
- Letter dated January 27, 2006 from Bonnie Brown to plaintiff; and
- Eleven page letter from plaintiff to Ketler Louissaint, which is undated but is presumed to have been written December 11, 2005.

6. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraphs "2" through "5" above and an affidavit concerning liens.

7. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York or the City of New York, or any other rules, regulations

or bylaws of any department or subdivision of the City of New York and/or the DOE. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York and/or the DOE.

9. In the event that a taxing authority or a court determines the payment made pursuant to this Stipulation and Order of Settlement and Discontinuance by the City of New York City or the DOE is subject to personal income tax, any taxes, interest or penalties determined to be owed shall be the sole and complete responsibility of plaintiff, and plaintiff and his counsel shall not have a claim, right, or cause of action against the Released Parties or any former, present, or future officials, agents, employees, or representatives of the Released Parties DOE, or their successors and assigns, on account of such taxes. The Released Parties and their former, present, or future officials, agents, employees, or representatives or their successors and assigns, do not waive any claims they might have should any taxing authority proceed against them on account of any moneys paid under this Stipulation and Order of Settlement and Discontinuance.

10. This Stipulation and Order of Settlement and Discontinuance contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and

*Order of Settlement and Discontinuance* regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         May 19, 2010

ANTHONY OFODILE
Ofodile & Associates, P.C.
Attorney for Plaintiff
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300
ACOfodile@aol.com

By: _____
    ANTHONY OFODILE

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-111
New York, New York 10007
(212) 788-0887
Jzinaman@law.nyc.gov

By: _____
    JAMIE M. ZINAMAN
    Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.